# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist NICHOLAS S. MARCUM**
**United States Army, Appellant**

ARMY 20150500

Headquarters, United States Army Alaska
Samuel A. Schubert, Military Judge
Lieutenant Colonel Rana D. Wiggins, Acting Staff Judge Advocate (pretrial)
Colonel Erik L. Christiansen, Staff Judge Advocate (post-trial)

For Appellant: Captain D. Cody Cheek, JA; Mr. Philip D. Cave, Esquire;
Mr. J. Thomas Province, Esquire (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III,
JA; Major Melissa Dasgupta Smith, JA (on brief).

5 May 2017

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

An officer panel sitting as a general court-martial convicted appellant,
contrary to his plea, of rape of a child in violation of Article 120b, Uniform Code of
Military Justice, 10 U.S.C. § 920b (2012 & Supp. I 2014) [hereinafter UCMJ]. The
panel sentenced appellant to a dishonorable discharge, confinement for twenty years,
forfeiture of all pay and allowances, and reduction in grade to E-1. The convening
authority approved the sentence as adjudged.

This case is before us for review pursuant to Article 66, UCMJ. Appellant
raises two assignments of error, one of which merits discussion but no relief.
Appellant personally raised matters pursuant to *United States v. Grostefon*, 12 M.J.
431 (C.M.A. 1982), which we find, after due consideration, to be without merit.

## BACKGROUND

At the time of the offense, appellant was a member of the 9th Army Band,
stationed at Fort Wainwright, Alaska. On 14 May 2014, appellant invited Sergeant
First Class (SFC) LH, a fellow band member, to his house for dinner. Appellant's

MARCUM—ARMY 20150500

invitation was also extended to SFC LH's family, which included SFC LH's fifteen-year-old daughter, MH.  While at the house, MH felt uncomfortable and nervous because, unbeknownst to SFC LH, appellant had previously sent MH text messages expressing his attraction to her.  To calm her stress, MH furtively drank alcohol throughout the evening.  Sergeant First Class LH and his family stayed late into the evening and ultimately spent the night at appellant's house.

Between 0100 and 0200, MH and her younger brother went to sleep in separate rooms upstairs near appellant's room, while SFC LH and his wife slept downstairs.  Soon thereafter, appellant entered the room where MH was sleeping and moved the lower half of her body so it was hanging off the bed.  Although still "foggy" from drinking alcohol, MH slowly awoke and recognized appellant was restraining her with his hands and the weight of his body.  Appellant took his hand off MH's mouth, pulled down her pants, and forced his penis into her vagina.  When appellant was finished, he kissed her chest and left the room.  Shortly thereafter, MH made a distressed telephone call to her best friend.  While MH had no memory of the telephone call, her best friend described MH as sounding scared because appellant had sex with her despite her struggling against him.

## LAW AND DISCUSSION

*Accumulation of Errors through Improper Government Argument*

On appeal, appellant asserts trial counsel committed an accumulation of errors during findings and presentencing arguments, "mostly not objected to, that individually may not have been prejudicial, but combined served to deny appellant a fair trial . . . ."  However, "[f]ailure to object to improper argument before the military judge begins to instruct the members on findings shall constitute waiver of the objection."  Rule for Courts-Martial 919(c).  Because the cumulative error doctrine applies to preserved and forfeited errors, appellant's waiver of the majority of the alleged errors substantially weakens his claim.  *See United States v. Dollente*, 45 M.J. 234, 242 (C.A.A.F. 1996) ("[W]hen assessing the record under the cumulative error doctrine, courts 'must review all errors preserved for appeal and all plain errors.'"); *see also United States v. Pope*, 69 M.J. 328, 335 (C.A.A.F. 2011) (under the cumulative error doctrine, reviewing de novo "[t]he cumulative effect of all plain errors and preserved errors").

While appellate courts review forfeited issues for plain error, appellate courts "do not review waived issues because *a valid waiver leaves no error to correct on appeal*."  *United States v. Ahern*, __ M.J. ___, 2017 CAAF LEXIS 292, at *7 (C.A.A.F. Apr. 20, 2017) (citing *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009), and *United States v. Campos*, 67 M.J. 330, 332 (C.A.A.F. 2009)) (emphasis added).  Ultimately, whether an issue has been waived is a question of law reviewed de novo.  *Ahern*, __ M.J. at ___, 2017 CAAF LEXIS 292, at *8.

2

Turning to the preserved claims of error, appellant made three objections to trial counsel's closing argument on the merits. Appellant first objected to trial counsel's improper vouching for the victim. *See United States v. Fletcher*, 62 M.J. 175, 180 (C.A.A.F. 2005) (finding "improper vouching occurs when the trial counsel 'places the prestige of the government behind a witness through personal assurances of the witness's veracity'"). After the military judge sustained the objection and gave the panel a curative instruction, appellant did not object further or request an additional remedy. Moreover, on appeal appellant offers no argument and we find no basis to conclude the military judge's remedy was deficient in any respect.

Appellant's second and third objections during argument were as follows:

> [TC:] That DNA is not explained by this wild theory of touching and touching and touching and still being there 15 hours later; it is not explained by that. It was explained by a 15-year-old girl on the stand. . . . She looked you in the eye and she told you what happened to her. *You know who didn't look you in the eye? The accused.*
>
> DC: Objection, Your Honor, improper comment on the accused's testimony.
>
> MJ: Overruled.
>
> TC: The accused -- he tried, but he couldn't look you in the eye when he said, "I didn't rape that girl." He couldn't do it. *He told you one true thing yesterday*: the accused did not have consensual sex ----
>
> ADC: Again, Your Honor, the government cannot comment on any particular truthfulness of any witness's testimony.
>
> MJ: Sustained. Counsel, state it another way please.

(emphasis added). When he testified at trial, appellant's credibility became an issue for the panel's determination. Thus, trial counsel was permitted to reference appellant's demeanor during his trial testimony as it related to credibility. *See United States v. Cook*, 48 M.J. 64, 66 (C.A.A.F. 1998) (citing Dean Wigmore's *Evidence*, in which he "dismissed as fiction the belief that the jurors can be 'mentally blind' to demeanor" because "[i]f the defendant testified, the straightforward rationale for the argument would be the impact of the defendant's demeanor on credibility"). When citing appellant's demeanor to prove his lack of credibility, trial counsel did not implicate appellant's rights to remain silent and against self-incrimination. *See generally United States v. Clark*, 69 M.J. 438, 444-45 (C.A.A.F.

2011) (clarifying the proper analysis of testimonial and nontestimonial demeanor evidence). Therefore, the military judge did not abuse his discretion when overruling the objection.

In contrast, when trial counsel stated his personal conclusions about when appellant's testimony was true and when it was false, he overstepped the bounds of proper argument. *See Fletcher*, 62 M.J. at 180 (explaining that trial counsel exceed the limits of proper argument by "offering unsolicited personal views on the evidence"). Accordingly, the military judge did not abuse his discretion when sustaining only the last objection.

In this case, we find only the two preserved errors sustained by the military judge were instances of improper argument. Accordingly, we must assess the potential individual and cumulative prejudice from these errors. When assessing prejudice from improper argument, we examine the balance of three factors: "(1) the severity of the misconduct, (2) the measures adopted to cure the misconduct, and (3) the weight of the evidence supporting the conviction." *Id.* at 184.

First, the severity of trial counsel's two misstatements was relatively minor when viewed in context. The record of trial is over six hundred pages, and the trial on the merits spanned three days. Trial counsel's arguments on the merits spanned about twenty pages (i.e., twelve pages in closing and eight pages in rebuttal), which were balanced by approximately eighteen pages of argument from defense counsel. Counsel's arguments on the merits were followed by almost three and a half hours of panel deliberation before announcement of the findings. While these facts do not eliminate the need for further prejudice analysis, they provide the necessary context to understand the relatively limited nature of trial counsel's errors.

Second, the military judge's instructions sufficiently cured any potential prejudice. Although appellant expresses doubt about the general effectiveness of judicial instructions, he did not move the military judge to declare a mistrial nor has he justified his requested relief on appeal. Accordingly, the military judge did not abuse his authority when relying, absent an objection, on the curative effect of his instructions to prevent any prejudice to appellant.

Third, we are convinced appellant was not prejudiced by the improper argument because the evidence supporting his conviction and sentence was strong. Appellant sent text messages to MH commenting on her beauty. Appellant's DNA was found on MH's labia. MH made a fresh complaint of the crime to her best friend within hours of occurrence. Based on these facts, we find no prejudice to appellant from the preserved errors, individually or in the aggregate.

*Ineffective Assistance of Counsel*

Finally, one of the issues personally raised by appellant, pursuant to *United States v. Grostefon*, is a claim of ineffective assistance of counsel. Upon review of

the entire record of trial, we disagree. *See United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997) (concluding that if "the appellate filings and the record as a whole 'compellingly demonstrate' the improbability of those facts, the Court may discount [appellant's] factual assertions and decide the legal issue"). Consequently, we see no need to order affidavits from counsel or an evidentiary hearing under *United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967).

It is clear from the record appellant's counsel made reasonable, tactical decisions regarding the presentation of evidence, examination of the government's witnesses, and arguments made to the panel. "We do not measure deficiency based on the success of a trial defense counsel's strategy, but instead examine whether counsel made an objectively reasonable choice in strategy from the available alternatives. Similarly, we must remain mindful that counsel have wide latitude in making tactical decisions." *United States v. Akbar*, 74 M.J. 364, 379 (C.A.A.F. 2015) (internal citations and quotation marks omitted). Our analysis of counsel's performance is highly deferential, and requires a "strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland v. Washington*, 466 U.S. 668, 689 (1984) (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

After applying our superior court's three-pronged adaptation of the *Strickland* framework to determine whether appellant has overcome the presumption of competence and shown prejudice, we find: (1) there was a reasonable explanation for counsel's actions; (2) counsel's level of advocacy did not fall "measurably below the performance . . . [ordinarily expected] of fallible lawyers;" and (3) there was no reasonable probability that, absent the alleged errors, the result would have been different. *See United States v. Grigoruk*, 56 M.J. 304, 307 (C.A.A.F. 2002) (quoting *United States v. Polk*, 32 M.J. 150, 153 (C.M.A. 1991)). Accordingly, appellant has not met his burden for relief.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty and sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5