# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant RONALD E. FOSDYCK, III**
**United States Army, Appellant**

ARMY 20150617

Headquarters, 1st Sustainment Command (Theater)
Deidra J. Fleming, Military Judge
Lieutenant Colonel Russell K. Jackson, Staff Judge Advocate

For Appellant: Lieutenant Colonel Melissa R. Covolesky, JA; Major Andres Vazquez, Jr., JA; Captain Joshua B. Fix, JA (on brief); Lieutenant Colonel Christopher D. Carrier, JA; Captain Bryan A. Osterhage, JA; Captain Joshua B. Fix, JA (on reply brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major Michael E. Korte, JA; Captain Jonathan S. Reiner, JA (on brief).

1 August 2017

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curium:

During a Taliban attack on Forward Operating Base (FOB) Walton, Afghanistan, appellant left his position on the perimeter so he could masturbate. This was part of his plan, discussed before the attack with fellow soldiers and bragged about after the attack, to get his "combat jack."

Based on this conduct, a military judge sitting as a special court-martial convicted appellant, contrary to his pleas, of one specification of going from his appointed place of duty and one specification of misbehavior before the enemy, in violation of Articles 86 and 99 of the Uniform Code of Military Justice, 10 U.S.C. §§ 886, 899 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises four assigned errors. We address the alleged unreasonable multiplication of charges, and grant no relief. Appellant's other assignments of error lack merit.

## BACKGROUND

Appellant deployed to Afghanistan as a squad leader. His unit's mission was to dismantle a FOB. Prior to the deployment, appellant told other soldiers in the unit that he was going to get his "combat jack" during the deployment. For appellant, a "combat jack" meant masturbating while under fire.

In July 2014, the FOB was attacked when a vehicle-borne improvised explosive device exploded and Taliban insurgents exchanged small arms fire with soldiers on the FOB. The attack lasted for several hours and one U.S. and one Afghan soldier were wounded. During the attack, appellant told other soldiers he was going to finally get his "combat jack." Appellant's squad was defending the perimeter of the FOB. Instead of leading his squad, appellant left his fighting position to look for a private place to masturbate. Not surprisingly, he was not given authority to leave the perimeter for this purpose.

After leaving his post, appellant asked junior soldiers multiple times for a pornographic magazine. Appellant also made this request in front of one female enlisted subordinate. When they could not find a magazine, a soldier gave him a calendar that had sexually suggestive pictures. Afterward, appellant went to a tent that was designated for a Quick Reaction Force (QRF) and Enemy Prisoners of War (EPWs). Appellant told the two junior soldiers to leave the tent so he could be alone. He was inside alone for five to fifteen minutes. While he was inside the tent, the two soldiers outside were no longer concealed from observation by Taliban insurgents and risked exposure to small arms fire. When he left the tent, appellant bragged that he got his "combat jack" and that the calendar worked for him. When his Platoon Sergeant heard about appellant masturbating, he confronted appellant and asked if it was true. Appellant responded he was proud of getting his "combat jack."

At trial, appellant testified that he did not leave his place of duty to masturbate. Instead, he was merely joking about masturbation to alleviate the stress and tension of the soldiers while engaged in combat with the Taliban.[1] Appellant testified he was suffering from PTSD and asked the two soldiers to leave the EPW tent so they could not observe him shaking and having a panic attack. However, his

---

[1] We find the evidence legally and factually sufficient to support appellant's conviction for both offenses. Appellant's explanation that he was only joking is simply unworthy of belief.

testimony was not credible. The two soldiers did not observe appellant being upset or shaking. Instead, appellant was calm and was described by another soldier as being "giggly" when he discussed completing his "combat jack." Appellant ignored his Platoon Sergeant's request for appellant to stop talking about "combat jacks" and to get focused.

## LAW AND DISCUSSION

Appellant did not raise the issue of unreasonable multiplication of charges at trial and has forfeited the issue on appeal.

As appellant forfeited the issue of unreasonable multiplication of charges for findings by not raising the issue at trial, we review using the plain error standard. *United States v. Ahern*, 76 M.J. 194 (C.A.A.F. 2017); *see also United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009). In order to prevail, appellant must show that: (1) there was error; (2) the error was plain or obvious; and (3) the error materially prejudiced a substantial right of the appellant. *United States v. Paige*, 67 M.J. 442, 449 (C.A.A.F. 2009) (quoting *United States v. Maynard*, 66 M.J. 242, 244 (C.A.A.F. 2008). Unfortunately, since appellant did not raise the issue of unreasonable multiplication of charges at trial, the military judge was precluded from deciding the issue and the trial court was deprived of establishing a full record of the issue for appeal. However, after reviewing the record, to include the charges and specifications, we find no plain and obvious error that materially prejudiced a substantial right of the appellant.

Even if an issue is forfeited by appellant at trial, pursuant to the appellate review authority under Article 66(c), UCMJ, this court may approve only those findings and sentence that are correct in law and fact and "should be approved." *United States v. Chin*, 75 M.J. 220, 222 (C.A.A.F. 2016) (citing *United States v. Nerad*, 69 M.J. 138, 141-144 (C.A.A.F. 2010); *United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001)); *See also, United States v. Clark*, ARMY 20140252, 2016 CCA LEXIS 363, *6 (Army Ct. Crim. App. 31 May 2016) (mem. op.). If the charges are unreasonably multiplied, we will grant appellant relief either because appellant has shown plain error, or because we choose to notice the forfeited issue.

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Rule for Courts-Martial 307(c)(4). The prohibition against unreasonable multiplication of charges "addresses those features of military law that increase the potential for overreaching in the exercise of prosecutorial discretion." *United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2012) (quoting *Quiroz*, 55 M.J. at 337). In determining if there was an unreasonable multiplication of charges, we are guided by the five *Quiroz* factors. *Quiroz*, 55 M.J. at 338.

Of the five *Quiroz* factors only one weighs in favor of appellant. First, he did not raise the issue of unreasonable multiplication of charges at trial.

Second, we agree with appellant that the specifications do not involve distinctly separate criminal acts.

Third and fourth, the two charges and their specifications neither misrepresents nor exaggerate appellant's criminality nor unreasonably increases his punitive exposure. The government simply charged appellant based on the different harms that arose from appellant's actions. The gravamen of the Article 86, UCMJ, charge is appellant leaving the FOB perimeter during an enemy attack without authority, while the gravamen of the Article 99, UCMJ, charge is appellant's misbehavior before the enemy and endangering the safety of his unit. Although both offenses include appellant leaving his assigned position during an enemy attack, the Article 99, UCMJ, charge is focused on the intentional acts, to include masturbation, which endangered his unit and did not conform to the standard of behavior required by a soldier engaging the enemy in combat. Fifth, we see no evidence of prosecutorial overreaching or abuse in the drafting of the charges.

Under these facts, we find that the two charges do not constitute an unreasonable multiplication of charges.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4