*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

―――――――――

## UNITED STATES
Appellee

**v.**

## Sean M. AHERN, Lieutenant Colonel
United States Army, Appellant

**No. 17-0032**
Crim. App. No. 20130822

Argued March 1, 2017—April 20, 2017

Military Judges: James W. Herring Jr. and Michael J. Hargis

For Appellant: *Kirk Sripinyo,* Esq. (argued); *Captain Michael A. Gold* and *Samuel C. Moore*, Esq. (on brief).

For Appellee: *Captain Samuel E. Landes* (argued); *Colonel Mark H. Sydenham* and *Lieutenant Colonel A. G. Courie III* (on brief); *Major Anne C. Hsieh* and *Captain Catharine M. Parnell.*

Judge RYAN delivered the opinion of the Court, in which Chief Judge ERDMANN, and Judges STUCKY, OHLSON, and SPARKS, joined.

―――――――――

Judge RYAN delivered the opinion of the Court.

A general court-martial composed of officer members convicted Appellant, contrary to his pleas, of one specification of aggravated sexual assault of a child and one specification of aggravated sexual assault by causing bodily harm, in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920 (2006) (amended by National Defense Authorization Act for Fiscal Year 2006, Pub. L. No. 109–163, § 552, 119 Stat. 3136 (2006)); one specification of assault consummated by battery, in violation of Article 128, UCMJ, 10 U.S.C. § 928 (2000); three specifications of indecent acts upon a child, and one specification of child endangerment, in violation of Article 134, UCMJ, 10 U.S.C. § 934 (2000). The adjudged and approved sentence provided for dismissal and confinement for seventeen years and six months.

The United States Army Court of Criminal Appeals (ACCA) affirmed the findings and sentence as approved by the convening authority. *United States v. Ahern*, No. ARMY 20130822, 2016 CCA LEXIS 528, at \*28, 2016 WL 4488148, at \*10 (A. Ct. Crim. App. Aug. 24, 2016). We granted Appellant's petition to review the following issue:

> Whether the lower court erred when it held that the prohibition against using an admission by silence provided by Mil. R. Evid. 304(a)(2) is triggered only "when the accused is aware of" an investigation contrary to the plain language of the rule.

We hold that Appellant waived his Military Rule of Evidence (M.R.E.) 304(a)(2) claim. The judgment of the Army Court of Criminal Appeals is affirmed. We do not consider or decide the question whether the prohibition provided by M.R.E. 304(a)(2) is triggered by investigation alone, or only when an accused is actually aware of an investigation.

## I. FACTS

Appellant's convictions are all related to Appellant's sexual abuse of his stepdaughter, SS, occurring between 2004 and 2010. During the investigation, civil law enforcement officers assisted SS and SA, Appellant's wife, in sending pretextual text messages and phone calls to Appellant in an attempt to elicit incriminating responses. SS sent a text message to Appellant, seeking an incriminating response – Appellant did not respond. In a phone call, SA accused Appellant of sexually abusing his stepdaughter:

> [SA]: So, you know, and she [my therapist] says, you know, I have—you know—the root of my problem is this anger. So I need to determine what is causing that anger in order for me to deal with it. And, you know, I've told her, you know, that you had an affair. I didn't, obviously, tell her it was with my daughter. But, you know, I'm—what I am trying to understand is how did this happen [Appellant]?

> [Appellant]: What?
>
> [SA]: The whole thing with you and SS, I mean, why? Why—why did you have to do that with her?
>
> [Appellant]: [SA], are you kidding me? I'm on a phone?

As SA pressed the subject, Appellant responded, variously, "are you nuts," "[w]e are going through a divorce," "[a]re you kidding me," "I am not going to get into this stuff," "[t]his is you and SS doing your thing," "[t]his is all part of the divorce," "[this is] all part of the custody thing," and "[y]ou're making all of this stuff up."

Appellant himself moved to admit the pretextual text message into evidence. The Government moved in limine to admit the phone conversation between Appellant and SA in which SA accused Appellant of sexually assaulting SS. The Government also sought to admit a short phone call between Appellant and SS in which Appellant hung up early in the call. The following exchange took place between the military judge and defense counsel:

> [MJ]: … I'd like to move to the government's motions. I note that there are a number of these. I was informed by counsel during an [R.C.M.] 802 session held earlier this morning that there are a number of these government motions that the defense is not contesting. Is that correct, defense counsel?
>
> [CDC]: That is correct, Your Honor.
>
> [MJ]: Okay. Very well.
>
> And if I believe according to the Court's notes, those would be the government Motion in Limine to Admit the Pretext Telephone Calls, which has been marked as Appellate Exhibit VII. I received no defense response to that motion. Defense counsel, you are not contesting that motion.
>
> Is that correct?
>
> [CDC]: Correct, Your Honor.

(Brackets in original.) Later, the Government admitted the phone call into evidence, and the following exchange took place:

> [ATC]: Your Honor, the government moves to admit Prosecution Exhibit 3 for identification into evidence.
>
> MJ: Objections, defense?
>
> [CDC]: No objections.

The Government then played the phone call for the panel. During closing argument, trial counsel argued that Appellant's failure to deny the accusations made in the text messages and phone calls was evidence of his guilt:

> In Prosecution Exhibit 3, panel members, that is the pre-text phone call between [SA] and [Appellant]. You have to listen to that because [SA] says verbatim, "I told her—I told my counselor we [sic] were having an affair." And what does [Appellant] say? Does he ever say what are you talking about? Are you crazy? She says, we are having—"You were having an affair with my daughter." What would you say if your ex-wife says this to you? What does [Appellant] say? Listen to it. He says, "[SA], are you kidding. I am on the phone." Who would say that. I am on the phone? [SA] continues, "I didn't get the whole story, [Appellant.]" Does he ever say what are you talking about? What story? I didn't give you a story. Does he ever say anything like that. He says, "I am not going into that stuff." Panel members that is an indicia of guilt. There is no denials [sic] by [Appellant]. There is no evidence that he ever denies any of this. . . . Defense Exhibit BBB, this is a text message that [SS] sends him saying it has come out, people are coming to talk to me. He never denies anything. Why is that? Because he is guilty.

The defense did not object at any point during or after closing argument.

## II. ACCA DECISION

At the ACCA, Appellant argued that he was under investigation at the time of the pretextual phone conversation. Therefore, he claims, M.R.E. 304(a)(2) prohibited trial counsel from arguing that Appellant admitted his guilt by remaining silent in response to accusations of sexual abuse.

The ACCA first concluded that Appellant had forfeited his right to appeal by failing to file a motion under M.R.E. 304, which triggered plain error review. *Ahern*, 2016 CCA LEXIS 528, at *11–12, 2016 WL 4488148, at *4. Next, the ACCA concluded that the protections of M.R.E. 304(a)(2) are triggered only when the accused is actually aware that he is being investigated. *Id.* at *12, 2016 WL 4488148, at *4. Finally, the ACCA concluded that any error was not plain and obvious. *Id.* at *12–13, 2016 WL 4488148, at *4. The record was ambiguous as to whether Appellant even knew there was a criminal investigation underway, and without that fact, M.R.E. 304(a)(2) would not exclude the phone calls even under Appellant's interpretation. *Id.* at *21–22, 2016 WL 4488148, at *8. The ACCA also reasoned that trial counsel's brief argument would not have resulted in material prejudice to Appellant's substantial rights for three reasons. First, Appellant repeatedly admitted to SA that he had sex with SS. *Id.* at *24, 2016 WL 4488148, at *9. Second, the Government's argument that Appellant was silent was strained, as he appears to deny the accusations in the phone call. *Id.,* 2016 WL 4488148, at *9. Third, the same conversations that the Government argued were evidence of guilt were argued by Appellant to be evidence of his innocence. *Id.* at *24–25, 2016 WL 4488148, at *9.

Notably, the ACCA suspected that Appellant's failure to object was likely a conscious choice. *Id.* at *23, 2016 WL 4488148, at *8. Nevertheless, the ACCA resolved the case on the grounds of plain error and did not consider whether Appellant had waived his claim. *Id.* at *22–23, 2016 WL 4488148, at *8–9.

## III. DISCUSSION

"Deviation from a legal rule is 'error' unless the rule has been waived." *United States v. Girouard*, 70 M.J. 5, 10 (C.A.A.F. 2011) (internal quotation marks omitted) (citation omitted). While this Court reviews forfeited issues for plain error, *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009), we do not review waived issues because a valid waiver leaves no error to correct on appeal. *United States v. Campos*, 67 M.J. 330, 332 (C.A.A.F. 2009) (quoting *United States v. Pappas*, 409 F.3d 828, 830 (7th Cir. 2005)).

Whether an accused has waived an issue is a question of law we review de novo. *See United States v. Rosenthal*, 62 M.J. 261, 262 (C.A.A.F. 2005). "Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." *Gladue*, 67 M.J. at 313 (internal quotation marks omitted) (quoting *United States v. Olano,* 507 U.S. 725, 733 (1993)). "Whether a particular right is waivable; whether the defendant must participate personally in the waiver; whether certain procedures are required for waiver; and whether the defendant's choice must be particularly informed or voluntary, all depend on the right at stake." *Girouard*, 70 M.J. at 10 (internal quotation marks omitted) (quoting *Olano,* 507 U.S. at 733).

The right at issue in this case is contained within a Military Rule of Evidence, promulgated by the President pursuant to his authority to prescribe rules of evidence for courts-martial under Article 36, UCMJ, 10 U.S.C. § 836 (2012).[1] M.R.E. 304(a)(2) provides that "[f]ailure to deny an accusation of wrongdoing is not an admission of the truth of the accusation if at the time of the alleged failure the person was under investigation or was in confinement, arrest, or custody for the alleged wrongdoing." Appellant argues that the military judge erred in allowing trial counsel to argue that Appellant admitted guilt by remaining silent in response to an accusation. But the rule underlying Appellant's claim also provides that his failure to object to the admission of the phone calls constitutes waiver of his right to complain that they were used in this fashion.

M.R.E. 304(f)(1) plainly states that claims arising under M.R.E. 304(a)(2) are waived absent an objection:

> Motions to suppress or objections under this rule, or Mil. R. Evid. 302 or 305, to any statement or derivative evidence that has been disclosed must be made by the defense prior to submission of plea. In the absence of such motion or objection, the defense may not raise the

---

[1] It is well established that principles of statutory construction are used in construing the Military Rules of Evidence. *See United States v. Matthews*, 68 M.J. 29, 36 (C.A.A.F. 2009).

> issue at a later time except as permitted by the
> military judge for good cause shown. *Failure to
> so move or object constitutes a waiver of the ob-
> jection.*

(Emphasis added.) This is not a case where the rule uses the word "waiver" but actually means "forfeiture." *See, e.g.*, Rule for Courts-Martial (R.C.M.) 920(f) (providing for "waiver" but only "in the absence of plain error"); *see also United States v. Payne*, 73 M.J. 19, 23 & n.3 (C.A.A.F. 2014) (applying a plain error analysis to R.C.M. 920(f), which states that the failure to object constitutes "'waiver of the objection in the absence of plain error'"). M.R.E. 304(f)(1) does not mention plain error review, and instead unambiguously provides that any claim arising under M.R.E. 304 is waived absent an objection.

Appellant nonetheless suggests that waiving objection to the admission of the phone calls does not constitute waiver of his right to object to the Government's *use* of the phone calls to argue that his silence indicates guilt. But this is a distinction without legal support in this context, since the entire point of the rule he seeks the protection of is to prohibit the use of negative or inadequate responses to an accusation as an admission or indication of guilt. *See United States v. Cook*, 48 M.J. 236, 240 (C.A.A.F. 1998) ("The gist of [the predecessor to M.R.E. 304(a)(2), M.R.E. 304(h)(3),] is that silence by an accused who is under investigation will not logically support an inference of guilt."); *Cf. Combs v. Coyle*, 205 F.3d 269, 285 (6th Cir. 2000) ("[T]he use of prearrest silence may even subvert the truthfinding process; because it pressures the defendant to explain himself or to suffer a court-sanctioned inference of guilt, the likelihood of perjury is increased."). Conversely, the only purpose of admitting such responses is to argue an inference of guilt. We further note that both M.R.E. 105 and its civilian counterpart "place primary if not full responsibility upon counsel for objecting to or limiting evidence." *See Manual for Courts-Martial, United States,* Analysis of the Military Rules of Evidence app. 22 at A22-4 (2012 ed.).

Even without M.R.E. 304(f)(1), Appellant's statement that he had no objection constitutes waiver of his right to object to this Court regarding the admission and use of his

pretrial statements. *See Campos*, 67 M.J. at 332 ("[A] valid waiver leaves no error for us to correct on appeal"). This case is similar to *Campos*. In *Campos*, the government moved to admit into evidence a stipulation of the expected testimony of an expert witness. 67 M.J. at 331. The military judge asked Campos if he objected to the stipulation, and Campos responded, "'No, Your Honor.'" *Id.* On appeal, Campos challenged the admissibility of the expert's expected testimony. *Id.* at 332. The Court noted that while circumstances might arise in which a "no objection" statement would not be waiver, Campos's knowledge of the nature of the testimony indicated that he had intentionally relinquished his right to appeal:

> [T]here is no question that defense counsel had advance notice of the substance of Dr. Arnold's testimony, that he reviewed the expected testimony, and that he considered the impact of the stipulation on his client's case. At trial the military judge presented defense counsel with an opportunity to voice objections to the expected testimony and counsel responded that he had no objections.

*Id.* at 333.

In this case too, Appellant was fully aware of the content of the phone calls prior to their admission, and introduced similar evidence in the form of the text message sent by SS. Appellant had numerous opportunities to object to the admission of the phone conversations both before and during the trial. Instead, when the Government moved in limine at an Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2012), hearing to admit the phone calls, Appellant affirmatively indicated he would not contest that motion. Later, Appellant replied that he had "no objection" when the Government actually sought to admit the phone calls and play them for the panel. And when trial counsel argued that Appellant's silence in response to his wife's accusations and stepdaughter's text message indicated his guilt, Appellant still raised no objection.

The ACCA's application of forfeiture in the context of this case was error. Under the clear dictates of M.R.E. 304(f)(1), Appellant's failure to object to the admission of the tele-

phone calls waives his right to object to their admission on appeal. Moreover, under the ordinary rules of waiver, Appellant's affirmative statements that he had no objection to their admission also operate to extinguish his right to complain about their admission on appeal. *See Campos*, 67 M.J. at 332–33 (finding waiver where appellant stated "'no objection'" to the admission of testimony); *United States v. Smith*, 531 F.3d 1261, 1267–68 (10th Cir. 2008) (finding waiver where the appellant "affirmatively stated that he had 'no objection' to the evidence" and used the evidence in his argument). Accordingly, Appellant has waived his right to object to the admission of the phone calls and, relatedly, their use.

## IV. DECISION

The judgment of the United States Army Court of Criminal Appeals is affirmed.