# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Major ERIK J. BURRIS**
**United States Army, Appellant**

ARMY 20150047

Headquarters, Fort Bragg
Tara A. Osborn, Military Judge (arraignment)
John T. Rothwell, Military Judge (trial)
Lieutenant Colonel Jerrett W. Dunlap, Jr., Staff Judge Advocate

For Appellant: Mr. Zachary D. Spilman, Esquire (argued); Major Christopher D. Coleman, JA; Mr. Zachary D. Spilman, Esquire (on brief and reply brief); Lieutenant Colonel Christopher Carrier, JA; Mr. Zachary D. Spilman, Esquire (Motion for En Banc Reconsideration).

For Appellee: Captain Linda Chavez, JA (argued); Lieutenant Colonel A.G. Courie III, JA; Major Cormac M. Smith, JA; Captain Linda Chavez, JA (on brief).


28 July 2017

-----------------------------------------------------------------
SUMMARY DISPOSITION ON RECONSIDERATION
-----------------------------------------------------------------

BURTON, Judge:

An officer panel sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of willfully disobeying a superior commissioned officer, two specifications of rape, one specification of sodomy, and four specifications of assault consummated by a battery, in violation of Articles 90, 120, 125, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 920, 925, 928 (2006 & Supp. III 2010; 2006 & Supp. IV 2011; 2006 & Supp. V 2012; 2012) [hereinafter UCMJ]. The panel sentenced appellant to a dismissal, confinement for twenty years, and forfeiture of all pay and allowances. The convening authority approved the sentence as adjudged, but waived automatic forfeitures for six months.

This case is before us for review pursuant to Article 66, UCMJ. Appellant originally raised ten assignments of error through counsel and personally raised several matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). After considering all matters raised by appellant personally and through counsel, we concluded his claims did not warrant relief. Accordingly, we affirmed the findings

of guilty and sentence in this case. *United States v. Burris*, ARMY 20150047, 2017 CCA LEXIS 315, at \*32 (Army Ct. Crim. App. 8 May 2017) (mem. op.).

On 7 June 2017, appellant filed a motion for reconsideration with a suggestion for reconsideration en banc. Specifically, appellant alleged reconsideration was warranted because "the decision [of this court] conflicts with the decisions of [our superior court], and because material legal and factual matters were overlooked and misapplied in [our] decision." Without vacating our previous decision, we granted the motion for reconsideration (denying the suggestion for en banc review) to address appellant's claims. However, upon reconsideration we again affirm the findings of guilty and the sentence in this case.

## LAW AND DISCUSSION

In our previous decision, we found "appellant waived his right to claim impermissible character evidence and improper argument because he failed to object at trial." *Burris*, 2017 CCA LEXIS 315, at \*1. In challenging our decision, appellant stated: "It is well-settled that, in the absence of objection, improper argument is tested for plain error." While we acknowledge the authorities cited by appellant, we based our decision on the plain language of the applicable rules and the recent opinion of our superior court in *United States v. Ahern*, 76 M.J. 194 (C.A.A.F. 2017).

As expressly delegated by Congress, the President has the authority to promulgate procedural rules for courts-martial, including rules governing the waiver and forfeiture of objections. *See* UCMJ art. 36(a) ("Pretrial, trial, and post-trial procedures, including modes of proof, for cases arising under this chapter triable in courts-martial . . . may be prescribed by the President . . . ."). Under the rules prescribed by the President, "[o]ther motions, requests, defenses, or *objections*, except for lack of jurisdiction or failure of a charge to allege an offense, *must be raised* before the court-martial is adjourned for that case and, unless otherwise provided in this Manual, *failure to do so shall constitute waiver*." Rule for Courts-Martial [hereinafter R.C.M.] 905(e) (emphasis added). More specifically, "*[f]ailure to object to improper argument* before the military judge begins to instruct the members on findings *shall constitute waiver of an objection*." R.C.M. 919(c) (emphasis added).

Similar to the evidentiary rule at issue in *Ahern*, "[t]his is not a case where the rule uses the word 'waiver' but actually means 'forfeiture.'" 76 M.J. at 197 (citing as an example R.C.M. 920(f), which equates the failure to object to panel instructions with "waiver of the objection in the absence of plain error"). Therefore, as a matter of law, appellant is not entitled to the three-part review for plain error. *See United States v. Clifton*, 71 M.J. 489, 491 (C.A.A.F. 2013) (explaining "plain error analysis" requires an appellant to show "that (1) there was error; (2) the error was plain and obvious; and (3) the error materially prejudiced a substantial right").

Instead, appellant is entitled to a review of the *validity* of his waiver.[*] *See Ahern*, 76 M.J. at 197 (contrasting the review applicable to forfeited issues and waived issues).

Regarding the validity of his waivers, appellant alleges our "decision overlook[ed] the material factual matter that [his] counsel merely failed to object to the many references to *The Beast*, and [we] misapplie[d] the legal test for waiver (as distinct from forfeiture)." However, based on the procedural rules at issue here, the *mere failure to object is a valid waiver* and not forfeiture. *See* R.C.M. 905(e); R.C.M. 919(c). While appellant is correct to point to the guidance of our superior court that "'forfeiture is the failure to make a timely assertion of a right, [whereas] waiver is the intentional relinquishment or abandonment of a known right[,]'" his reliance on this guidance is incomplete. *Ahern*, 76 M.J. at 197 (quoting *Gladue*, 67 M.J. at 313). Our superior court has further explained: "'Whether a particular right is waivable; whether the defendant must participate personally in the waiver; whether certain procedures are required for waiver; and whether the defendant's choice must be particularly informed or voluntary, all depend on the right at stake.'" *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). Based on the general rule for trial objections and the more-specific rule concerning improper arguments, the mere failure to raise the issue before adjournment or to object before panel instructions is sufficient to constitute the intentional relinquishment or abandonment of the right to raise these claims on appeal. Accordingly, appellant's waivers are valid, which "leaves no error to correct on appeal." *Id.*

## CONCLUSION

On reconsideration of the entire record, the findings of guilty and the sentence are AFFIRMED.

Senior Judge TOZZI and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[*] Although this court can review issues waived at trial pursuant to its Article 66(c), UCMJ, authority, "[w]aiver at the trial level continues to preclude *an appellant* from raising the issue before either" this court or our superior court. *United States v. Chin*, 75 M.J. 220, 223 (C.A.A.F. 2016) (citing *United States v. Gladue*, 67 M.J. 311, 313-14 (C.A.A.F. 2009)). Based on the facts in this case, we see no need to address these waived issues for lengthy discussion or relief.