# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, PENLAND, and FEBBO
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class DALE A. GAGNON**
**United States Army, Appellant**

ARMY 20130210

Headquarters, United States Army Alaska
Stefan R. Wolfe, Military Judge
Colonel Tyler Harder, Staff Judge Advocate (pretrial)
Colonel Erik L. Christiansen, Staff Judge Advocate (post-trial)

For Appellant: Captain Scott A. Martin, JA; C. Ed Massey, Esquire (on brief);

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie, III, JA; Major Melissa Dasgupta Smith, JA; Captain Jennifer A. Donahue, JA (on brief).

31 July 2017

----------------------------------
SUMMARY DISPOSITION
----------------------------------

FEBBO, Judge:

In this appeal, we address whether the military judge violated appellant's Sixth Amendment right to confront a seven year old witness against him by allowing the witness to testify outside of appellant's presence.

A panel composed of officer and enlisted members, sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of aggravated sexual contact with a child, in violation of Article 120 of the Uniform Code of Military Justice, 10 U.S.C. § 920 (2006 & Supp. IV 2011) [hereinafter UCMJ]. The members sentenced appellant to a dishonorable discharge, confinement for fourteen years, forfeiture of all pay and allowances, and reduction to the grade of E-1. Except for reducing the sentence of confinement to thirteen years and six months, the convening authority (CA) approved the adjudged sentence.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises seven assignments of error, only one of which—that the military judge

allowed a witness to testify outside of the presence of the appellant—warrants discussion, but no relief.[1]

## BACKGROUND

In July of 2009, Private First Class (PFC) Gagnon and his spouse, Ms. SG, divorced. In the summer of 2011, after the divorce, they shared custody of their two young children, LG and KG.

Sometime after August 2011, LG told her babysitter, Mrs. JF, that she was sexually abused by her father—PFC Gagnon. Mrs. JF, informed Ms. SG of LG's allegations. Initially, Ms. SG did not report the allegations to authorities or confront PFC Gagnon. Two weeks later, Mrs. JF, reported the allegations to her own therapist, which led to notifications to the Office of Children's Services (OCS) in Fairbanks, Alaska, and the Fairbanks Police Department. During the initial OCS interview, LG did not disclose any sexual abuse by PFC Gagnon. However, in a subsequent OCS interview, LG stated her father had touched her vaginal area.

After the initial disclosure of the abuse allegations, LG was referred to a therapist, Ms. SH, for mental health treatment. By the time of trial, Ms. SH had completed approximately thirty-six sessions with LG and had diagnosed LG with Post-Traumatic Stress Disorder as a result of PFC Gagnon's abuse.

At trial, the government moved *in limine* to have LG testify remotely. LG was then seven years old. In support of the motion, Ms. SH testified as an expert in child therapy and about her diagnosis and observations of LG based on their many therapy sessions. Ms. SH testified as to LG's body language and demeanor during the counselling sessions when discussing her father and that LG still feared him. Ms. SH recommended that LG not testify in front of appellant and concluded that doing so could negatively impact and cause regression of LG's mental health. After considering the matters presented on the motion, the military judge found that LG

---

[1] We briefly address two other assigned errors.

First, we find the military judge did not err in denying appellant's individual military counsel (IMC) request based on a finding appellant released the same counsel before trial.

Second, while we agree the government was dilatory in its post-trial processing of this case, we do not find a due process violation. The Staff Judge Advocate recommended the CA credit appellant with three months against the sentence to confinement for the post-trial delay. The CA, by granting six months of confinement credit, more than remedied any harm to the appellant.

still feared her father and was unable to testify in open court in the presence of the appellant without suffering significant emotional trauma.[2] Accordingly, the military judge granted the government's motion to allow LG to testify remotely.

At the start of trial on the merits, PFC Gagnon's defense counsel informed the government that appellant elected to be absent from the courtroom and to have LG testify in front of the panel. The military judge accommodated appellant's request for one-way video and audio, which allowed PFC Gagnon to observe LG's testimony, but not allow the panel to observe appellant. Appellant had one defense counsel with him in a room adjacent to the courtroom while the other defense counsel was present in the courtroom during LG's testimony. The parties agreed if LG could not verbally respond to questions during her testimony her *guardian ad litem* would read LG's written responses.

Prior to LG's testimony, the military judge gave the panel an instruction to explain the appellant's absence from the court-room while his daughter testified. LG testified that appellant touched her private parts and indicated on a blank female diagram that he touched her vaginal area. For most of the remaining questions on direct and cross-examination, LG wrote down the answer to the counsel's question, the parties reviewed the answer to make any objections, and the *guardian ad litem* then read the answer to the panel.

## LAW AND DISCUSSION

### A. *Whether the Military Judge Erred in Allowing LG to Testify Outside the Presence of Appellant*

On appeal, appellant asserts he was denied a meaningful opportunity to confront and cross-examine his accuser. Appellant asserts his defense counsel could not adequately prepare for trial since he did not have an opportunity to question LG before trial. At trial, appellant states he was removed from the courtroom during the testimony of LG. Furthermore, LG failed to give verbal responses and instead wrote responses to questions asked by counsel. As a result, counsel asserts, this process and procedure violated appellant's rights.

### 1. *Forfeiture and Waiver*

Before addressing appellant's allegation of error, we first must determine whether the issues were preserved on appeal. Appellant objected to the government motion for LG to testify remotely. The military judge nonetheless, over defense objection, allowed for testimony in this manner. We reject the government's

---

[2] During appellate review, the court granted the government's motion to attach the military judge's written ruling on the motion as part of the record.

assertion that appellant's decision to leave the courtroom affirmatively waived his Sixth Amendment challenge to remote testimony. Appellant elected to be absent from the courtroom during LG's testimony, as was his option under Rule for Court-Martial [hereinafter R.C.M.] 804(d), thereby removing the requirement for LG to testify remotely. In our view, however, his election did not change the fundamental nature of his objection of not being present in the same setting while LG testified, thus impinging on his right to confront the witness. Therefore, we will review for plain error the military judge's decision to allow LG to testify remotely and the procedures set up to protect appellant's Sixth Amendment right to confront witnesses.

On the other hand, appellant has not preserved his two other challenges to LG's testimony on appeal. Failure to assert a right in a timely manner forfeits the issue on appeal absent plain error. *United States v. Ahern*, 76 M.J. 194, 197 (C.A.A.F. 2017) (citing *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009)). First, appellant did not specifically file a motion to compel production of LG for an interview prior to trial.[3] Second, appellant did not object to the procedure allowing LG to write her answers. In fact, for each written answer, the parties reviewed LG's answer before being read to the panel and the appellant's defense counsel indicated on the form there were "no objections." As a result, appellant's challenge on appeal about her written answers is waived.

## 2. *Review of the Military Judge's Ruling for Remote Testimony*

The Confrontation Clause of the Sixth Amendment guarantees that "in all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. A military judge's application of Military Rule of Evidence [hereinafter Mil. R. Evid.] 611(d) is a question of law that is reviewed de novo. *United States v. McCollum*, 58 M.J. 323, 332 (C.A.A.F. 2003). In applying Mil. R. Evid. 611(d), the military judge must satisfy the requirements for an exception to physical, face-to-face confrontation laid out in *Maryland v.*

---

[3] Since the issue was forfeited and we do not find any plain error, we need not decide whether or not appellant was improperly precluded from interviewing LG. We note from e-mails attached to appellate exhibits, that appellant's counsel requested for the government trial counsel to arrange an interview of LG before trial. Since Ms. SG was also a witness at trial, the defense counsel requested that someone other than Ms. SG be present for LG's interview with defense counsel and their expert. Ms. SG objected to a defense interview of LG unless she was also present. As this court found in *United States v. Guardado*, compulsory process under Article 46, UCMJ, is limited to producing witnesses to "appear and testify" and does not include a requirement that the witness first agree to be interviewed. 75 M.J. 889, 904 (Army Ct. Crim. App. 2016), *rev. granted on other grounds*, 76 M.J. 166 (C.A.A.F. 2017).

GAGNON—ARMY 20130210

*Craig*, 497 U.S. 836 (1990). *Craig* recognized there is an important public interest in "the physical and psychological well-being of a minor victim." *Id.* at 852.

> *Craig* stands for the proposition that a witness may testify
> out of an accused's presence only where the trial court
> finds (1) that there is an important public interest that will
> be served by denying physical confrontation, (2) that such
> denial is necessary to further that interest, and (3) that
> other measures will ensure the reliability of the testimony.

*McCollum*, 58 M.J. at 329.

After reviewing the record of trial, to include the testimony of LG's therapist, we find the military judge properly interpreted and applied Mil. R. Evid. 611(d) and *Craig* in allowing LG to testify out of the presence of the appellant. First, the record fully supported the military judge's determination that LG would have been unable, out of fear, to testify in appellant's presence and would also have suffered significant emotional trauma. Second, the procedures implemented by the military judge properly protected appellant's right to confrontation. The military judge ensured that appellant was able to communicate with his counsel at all times during LG's testimony. The military judge also required LG to testify in court, under oath, in the presence of the panel, and be subject to cross-examination by appellant's counsel. These protections were sufficient to ensure the reliability of LG's testimony despite appellant's absence.

We therefore hold that the military judge did not violate appellant's Sixth Amendment right to confront a witness against him by allowing LG to testify outside of appellant's presence.

## CONCLUSION

The findings of guilty and the sentence are correct in law and fact and are AFFIRMED.

Senior Judge MULLIGAN and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

5