*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————

### UNITED STATES
Appellee

**v.**

### Hank W. ROBINSON, Senior Airman
United States Air Force, Appellant

**No. 17-0504**
Crim. App. No. 38942

Argued January 24, 2018—Decided March 26, 2018

Military Judge: Matthew P. Stoffel

For Appellant: *Major Mark C. Bruegger* (argued); *Captain Patricia Encarnación-Miranda* (on brief).

For Appellee: *Major Tyler B. Musselman* (argued); *Colonel Katherine E. Oler* and *Lieutenant Colonel Joseph Kubler* (on brief); *Mary Ellen Payne,* Esq.

Amici Curiae for Appellant: *Colonel Mary J. Bradley, Lieutenant Colonel Christopher D. Carrier*, and *Captain Joshua B. Fix* (on brief) — for United States Army Defense Appellate Division; *Jamie Williams*, Esq., and *Mark Rumold*, Esq. (on brief) — for Electronic Frontier Foundation; *Brett Max Kaufman*, Esq., and *Patrick Toomey*, Esq. (on brief) — for American Civil Liberties Union; *Arthur B. Spitzer*, Esq. (on brief) — for American Civil Liberties Union of the District of Columbia.

Judge OHLSON delivered the opinion of the Court, in which Judges RYAN and SPARKS, and Senior Judge EFFRON, joined. Chief Judge STUCKY filed a separate dissenting opinion.

———————

Judge OHLSON delivered the opinion of the Court.

Contrary to Appellant's pleas, a general court-martial composed of officer and enlisted members convicted Appellant of one specification of communicating indecent language to a child in violation of Article 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920b (2012).[1] The panel

---

[1] The panel acquitted Appellant of two specifications of rape of a child and three specifications of assault consummated by a bat-

sentenced Appellant to a bad-conduct discharge, confinement for one month, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged. The United States Air Force Court of Criminal Appeals affirmed the findings and sentence. This Court then granted review.

## I. Factual Background

In October of 2014, the Beale Air Force Base detachment of the Office of Special Investigations (OSI) learned of an allegation that Appellant had sexually abused his minor stepdaughter. On the morning of December 22, 2014, OSI agents brought Appellant into their offices for questioning. One of the agents read Appellant his rights under Article 31, UCMJ, 10 U.S.C. § 831 (2012), and informed Appellant that he was under investigation for sexual assault of a child.

After acknowledging that he understood his rights, Appellant invoked his right to counsel. The agent then told Appellant that he still had some administrative matters to complete such as taking Appellant's photograph and fingerprints. In the course of completing these steps, the agent asked for Appellant's consent to "look through [Appellant's] phone." Appellant said he did not mind, but asked the agent what he was looking for. The agent said that he was looking for evidence "related to the offense under investigation." Appellant then provided the agent with verbal consent to search the contents of his phone saying, "There is nothing [in there], but yeah."

The agent next provided Appellant with a consent to search form. The consent form stated in pertinent part as follows:

> I know that I have the legal right to either consent to a search, or to refuse to give my consent. I understand that if I do consent to a search, anything found in the search can be used against me in a criminal trial or in any other disciplinary or administrative procedure. I also understand that if I do not consent, a search cannot be made without a warrant or other authorization recognized in law.

---

tery in violation of Articles 120 and 128, UCMJ, 10 U.S.C. §§ 920, 928 (2006 & 2012).

....

> Before deciding to give my consent, I carefully considered this matter. I am giving my consent voluntarily and of my own free will, without having been subjected to any coercion, unlawful influence or unlawful inducement and without any promise of reward, benefit, or immunity having been made to me. The Investigators have my permission to take any letters, papers, materials, articles or other property they consider to be evidence of an offense, including contraband for use as evidence in any criminal prosecution hereafter initiated. I have read and understand this entire acknowledgement of my rights and grant of my consent for search and seizure.

After Appellant completed the form, the agent left the room. However, the agent reentered the room approximately one minute later and said to Appellant: "Just so we don't mess up your phone or anything, can you give us your password?" Appellant then provided his four-digit passcode to the agent.

Another agent took Appellant's cell phone, went into another room, entered the passcode, and created a digital copy of the cell phone's contents. The agent then returned the phone to Appellant. Appellant left the OSI offices and approximately six hours later revoked his consent to search after consulting with his attorney. Upon examining the digital copy of the cell phone's contents, OSI discovered incriminating text messages between Appellant and his stepdaughter.

Prior to trial, Appellant moved to suppress the text messages recovered from his phone. The military judge asked trial defense counsel to clarify the basis for this motion and the following colloquy ensued:

> [Military Judge]: So Defense Counsel, what exactly is it that you are challenging and what is your legal basis for doing so?

> [Defense Counsel]: Your Honor, [Military Rule of Evidence] 304 is one of the bases we find that it was an involuntary statement. The prophylactic created by *Edwards* was for precisely that. After you've been read your rights, you can exercise your rights; you don't have to answer more questions.

They can't keep asking you questions. And so it was involuntary because it was after what should have been a valid rights advisement.

We're also asking under just Article 31. Article 31 says you have that right to remain silent, in effect, and have the right to counsel present. He invoked that right; it wasn't respected. Also under the Fifth and Sixth Amendment, Your Honor, right to counsel, right to silence.

[Military Judge]: Okay. So am I interpreting it correctly, then, that what you're challenging is that the statement that he made to OSI in response for the request for his phone password was involuntary?

[Defense Counsel]: A moment, Your Honor? [Assistant defense counsel conferred with defense counsel.]

[Defense Counsel]: Your Honor, not just the — not just the password, but also the consent to search itself.

[Military Judge]: The consent itself. Okay. So two bases?

[Defense Counsel]: Yes, Your Honor.

[Military Judge]: And that's where the confusion lay, because the burden of proof and persuasion cited by both parties with respect to the motion at hand was that the burden is on the government by a preponderance of the evidence; whereas, if you're challenging consent, the burden is by clear and convincing evidence to demonstrate that the consent was voluntary. So do I then understand it that you are challenging both the statement and whether or not he gave consent?

[Defense Counsel]: Yes, Your Honor.

[Military Judge]: Even before being asked about the password?

[Defense Counsel]: Yes, Your Honor.

....

[Military Judge]: So Defense, as I understand your argument, even if this court were to find that the consent was valid and voluntarily given and established by clear and convincing evidence, your position is that doesn't end the analysis because we're looking at the statement [of the passcode] itself?

[Defense Counsel]: Yes, Your Honor.

After making extensive findings of fact, the military judge denied the defense motion to suppress.

## II. Issues on Appeal

This Court granted Appellant's petition for review on the following issues:

> I. Whether the military judge abused his discretion by failing to suppress evidence obtained from appellant's cell phone.

> II. Whether the Air Force Court erred in holding Appellant waived objections regarding investigators exceeding the scope of Appellant's consent.

## III. Analysis

### A. Issue I

The first issue in this case presents two interrelated questions. When an accused invokes his right to counsel but then consents to a search of his cell phone, is it constitutionally permissible for an investigator to ask the accused for the passcode to that cell phone in order to effectuate the consensual search? Or in the alternative, does the investigator's request for the passcode constitute a reinitiation of interrogation under *Edwards v. Arizona*, 451 U.S. 477 (1981), and thus a violation of the accused's Fifth Amendment right against self-incrimination?[2]

In *United States v. Frazier*, 34 M.J. 135, 137 (C.M.A. 1992), we held that "[a] request for a consent to search does not infringe upon Article 31 or Fifth Amendment safeguards against self-incrimination because such requests are not interrogations and the consent given is ordinarily not a state-

---

[2] Military Rule of Evidence (M.R.E.) 305(c)(4) incorporates the *Edwards* rule. It states: "If a person chooses to exercise the privilege against self-incrimination, questioning must cease immediately. If a person who is subjected to interrogation … chooses to exercise the right to counsel, questioning must cease until counsel is present." *Id.*

ment."[3] Similarly, in *United States v. Burns*, 33 M.J. 316, 320 (C.M.A. 1991), we rejected the appellant's claim that his Fifth Amendment and Article 31, UCMJ, rights were violated because the request for a consent to search came *after* the appellant invoked his right to counsel. We stated that "requesting consent to search property in which a suspect has an interest is not prohibited by his prior request for counsel, because *Edwards* provides protection only as to interrogation." *Id.* (internal quotation marks omitted) (quoting *United States v. Roa*, 24 M.J. 297, 301 (C.M.A. 1987)).

In applying the holdings of those two cases to the facts presented here, it is clear that when the investigator asked Appellant for consent to search his cell phone, that inquiry fit squarely within the consent to search exception of *Edwards*. *Cf. United States v. Hutchins*, 72 M.J. 294, 296–98 (C.A.A.F. 2013) (recognizing that under the particular circumstances of the case, a request by law enforcement for consent to search after the accused had invoked his right to counsel constituted a reinitiation of communication in violation of *Edwards*).[4] Moreover, we conclude that when the investigator shortly thereafter asked Appellant for the passcode to that cell phone for the sole purpose of effectuating the search that he had just voluntarily consented to, that second inquiry was merely a natural and logical extension of the first permissible inquiry. Thus, because of its nature, purpose, and scope, this second inquiry similarly did not rise to the level of a reinitiation of interrogation. Accordingly, we hold that the second inquiry also fit squarely within the con-

---

[3] Article 31(a), UCMJ, provides as follows: "No person subject to this chapter may compel any person to incriminate himself or to answer any question the answer to which may tend to incriminate him."

[4] We reject Appellant's argument that *United States v. Mitchell*, 76 M.J. 413 (C.A.A.F. 2017), governs the instant case. The facts of *Mitchell* are distinguishable from Appellant's case, primarily because *Mitchell* involved a search authorization of the accused's cell phone, *id.* at 416, rather than a voluntary consent to search, as here. *See id.* at 415 ("We address today the Fifth Amendment limits on asking a suspect to unlock his phone *when the device has been seized pursuant to a valid search and seizure authorization*." (emphasis added)). Rather, our decisions in *Frazier* and *Burns* are directly applicable to this case.

sent to search exception of *Edwards* and did not constitute a violation of the accused's Fifth Amendment right against self-incrimination.

Because Appellant voluntarily consented to providing his passcode to investigators, we hold that the military judge did not abuse his discretion in denying the defense motion to suppress the evidence obtained from Appellant's cell phone.[5]

## B. Issue II

In regard to the second issue, Appellant argues that the CCA erred when it held that Appellant waived any objection about the OSI agents exceeding the scope of the consent to search that was provided by Appellant. Our discussion of this issue need not detain us long.

Military Rule of Evidence 311(d)(2)(A) provides as follows:

> When evidence has been disclosed prior to arraignment…, the defense must make any motion to suppress or objection under this rule prior to submission of a plea. In the absence of such a motion or objection, the defense may not raise the issue at a later time except as permitted by the military judge for good cause shown. *Failure to so move or object constitutes a waiver of the motion or objection.*

(Emphasis added.)

The rule unambiguously establishes that failure to object is waiver, and it is not a rule that uses the term "waiver" but actually means "forfeiture." *See United States v. Ahern*, 76 M.J. 194, 197 (C.A.A.F. 2017) (holding that failure to object constituted waiver under M.R.E. 304 (f)(1)).[6] When there is

---

[5] We note that there is nothing in the record that indicates that investigators used the cell phone passcode to unlock any other passcode-protected property, or that trial counsel used the passcode as substantive evidence against Appellant at trial.

[6] We note that the issue of waiver under M.R.E. 311(d)(2) was previously reached. *United States v. Stringer*, 37 M.J. 120, 125 (C.M.A. 1993) ("In view of the absence of a particularized objection at trial … we will consider the issue waived."); *see also id.* at 132 (Wiss, J., concurring in the result) (finding that waiver "makes good sense" under M.R.E. 311(d) when defense counsel's objection to issues other than that raised on appeal prevented appellate is-

a waiver of an issue, that issue is extinguished and may not be raised on appeal. *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009).

In the instant case—as reflected in the colloquy between the military judge and trial defense counsel—at no time during the litigation of the motion to suppress did trial defense counsel raise the issue of the scope of Appellant's consent to search. Rather, trial defense counsel clarified that there were two bases for the motion to suppress: Appellant's consent to search the phone was not voluntary, and the investigator's request for the password to the phone violated M.R.E. 304 and Article 31, UCMJ. Trial defense counsel did not challenge the propriety of the agent's creation of a digital copy of the cell phone's contents, nor did he argue that the incriminating evidence found in the cell phone should be suppressed because Appellant had revoked his consent to search prior to OSI's discovery of the texts introduced at trial.

We therefore hold that the CCA was correct in ruling that the arguments Appellant now seeks to first raise on appeal about the scope of the agents' search were waived and that they are therefore extinguished.

## IV. Decision

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

---

sue from being litigated at trial and may have precluded prosecution from submitting evidence which would have clarified matter).

Chief Judge STUCKY, dissenting.

Unlike the majority, I believe that our recent decision in *United States v. Mitchell*, 76 M.J. 413 (C.A.A.F. 2017), controls the disposition of this case. While I freely concede that a request for consent to search is not an interrogation under long-standing precedent, *see United States v. Frazier*, 34 M.J. 135, 137 (C.M.A. 1992), the majority extends that rule too far.

In *Mitchell*, this Court unequivocally stated that "asking [a suspect] to *state* his passcode involves *more* than a mere consent to search; it asks [him] to provide the Government with the passcode itself, which is incriminating information in the Fifth Amendment sense, and thus privileged." *Mitchell*, 76 M.J. at 418 (second emphasis added). This is because " '[t]he privilege … not only extends to answers that would in themselves support a conviction … but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute ….' " *Id.* (alterations in original) (quoting *Hoffman v. United States*, 341 U.S. 479, 486 (1951)).

The majority distinguishes *Mitchell* on the ground that *Mitchell* involved a valid search and seizure authorization rather than a consent to search. I find this distinction to be unpersuasive. Our decision in *Mitchell* did not turn on the nature of the search. Instead, our analysis focused on whether the accused was in custody and subject to interrogation. Having found both, we deemed the contents of the accused's phone inadmissible. *Id.* at 415.

Moreover, the majority cites no authority for extending the consent to search exception of *Edwards* to follow-up requests that effectuate the search. Instead, my colleagues rely on the "nature, purpose, and scope" of the inquiry to conclude that the passcode request did not constitute a reinitiation of interrogation and thus fell within the consent to search exception. I disagree. In my view, while the passcode request here may well have naturally and logically followed a request for consent to search, it also qualified as an interrogation. *See id.* at 418. Accordingly, I respectfully dissent.

As my resolution of this issue would moot the second, I do not address it.