# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
WOLFE, SALUSSOLIA, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist ANTHONY R. CLARK II**
**United States Army, Appellant**

ARMY 20160304

Headquarters, Fort Campbell
Steven E. Walburn and Matthew A. Calarco, Military Judges
Colonel Susan K. Arnold, Staff Judge Advocate

For Appellant:  Colonel Mary J. Bradley, JA; Captain Joshua B. Fix, JA; Captain Heather M. Martin, JA (on brief); Major Todd W. Simpson, JA; Captain Heather M. Martin, JA (on reply brief).

For Appellee:  Colonel Tania M. Martin, JA; Major Cormac M. Smith, JA (on brief).

12 October 2018

--------------------------------
SUMMARY DISPOSITION
--------------------------------

WOLFE, Senior Judge:

Appellant was charged with numerous sexual offenses, to include the rape of three different soldiers.  An enlisted panel convicted appellant of raping two of the soldiers, an abusive sexual contact against a third soldier, two specifications of indecent exposure, and one specification of wrongful viewing in violation of Articles 120 and 120c, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 920c (2007 and 2012) [UCMJ].  The court-martial sentenced appellant to a dishonorable discharge, confinement for 19 years, to forfeit all pay and allowances, and reduction to the grade of E-1.

## BACKGROUND

At trial, the government requested the military judge instruct the panel that evidence appellant committed one sexual offense could be used to establish his propensity to commit other sexual offenses.  The defense counsel objected to the proposed instruction.  The military judge then gave the instruction.  Accordingly, as in *United States v. Hills,* 75 M.J. 350 (C.A.A.F. 2016), this is a case of preserved constitutional error and we may affirm the affected findings only if we find the

government has met the burden of proving the error harmless beyond a reasonable doubt. *Id.* at 357.

## LAW AND DISCUSSION

Although the government does yeoman's work in trying to persuade us otherwise, the record does not come close to supporting a finding of constitutional harmlessness. And, it is the record that controls. Although there are many pieces that could fairly be included in explaining our decision, we discuss two.

First, it is hard to imagine a case in which the government could argue more forcefully that appellant is guilty because of propensity evidence. In rebuttal, after the defense counsel urged the panel not consider propensity evidence, the trial counsel's opening line of his rebuttal argument was as follows:

> [The] Defense counsel better believe I'm going to argue propensity, because either Specialist Clark is either guilty of rape, or he is the most unlucky Soldier in the United States Army. [Four] different Soldiers describe sexual misconduct committed by him over seven years. Panel members, lightning doesn't strike four times in the same spot; doesn't happen.

Second, in our reading, the danger that the panel would impermissibly convict appellant by using an improper propensity inference is far greater in this case than it was in *Hills*. When there is evidence that the accused committed several different assaults, against different victims, over a period of years, the panel may be naturally inclined to conclude that the accused is predisposed to commit this type of offense. When this natural inclination is backstopped by a judge's instruction that permits just this inference, it is more difficult to excise the erroneous instruction from the case and hold the error harmless.

Accordingly, our resolution of the guilty findings infected with *Hills* error is clear. They must go. However, not all guilty findings were tainted by the *Hills* instruction. The panel was not permitted to consider propensity evidence when deliberating appellant's guilt on the two specifications of indecent exposure and one specification of wrongful viewing. These findings are correct in law and fact, and we determine they should be approved.[*] *See* Article 66(c), UCMJ; 10 U.S.C. § 866(c).

---

[*] Appellant asserts that these remaining findings must also be set aside because the military judge erred in not instructing on the defense of mistake of fact and the

(continued . . .)

**CONCLUSION**

The findings of guilty of the Specifications of Charge I and Charge I are set aside. The remaining findings of guilty are affirmed. The sentence is set aside. A rehearing on the Specifications of Charge I and sentence, or a rehearing on sentence only, is authorized.

Judge SALUSSOLIA and Judge FLEMING concur.

---

(. . . continued)

proper *mens rea* for the offense. Although the defense asked for a mistake of fact instruction as to other offenses, it was not requested as to the specifications of indecent exposure and wrongful viewing. Additionally, the defense counsel specifically stated he had no objection to the military judge's instructions. Under these circumstances, an affirmative statement of no objection, (as compared to silence), likely waived, but at least forfeited any objection. *See United States v. Ahern*, 76 M.J. 194, 197 (C.A.A.F. 2017); *United States v. Swift*, 76 M.J. 210, 217-18 (C.A.A.F. 2017).

In any event, we find no error, plain or otherwise. To warrant an instruction on the mistake of fact defense there must be "some evidence of an honest and reasonable mistake to which the members could have attached credit if they had so desired." *United States v. Hibbard*, 58 M.J. 71, 75 (C.A.A.F. 2003). While there is no per se requirement an accused testify to establish a mistake of fact defense, evidence that the accused honestly and reasonably believed the victim had consented must come from somewhere. *See United States v. Jones*, 49 M.J. 85, 91 (C.A.A.F. 1999). In many cases, the only source of admissible evidence about an accused's subjective belief may well be from the accused himself.

Appellant also asserts error in that it took 289 days to conduct the post-trial processing of the case. The government concedes error, but argues that appellant was not prejudiced by the delay. As we set aside the entire sentence, appellant is not entitled to any additional relief at this time. However, appellant is not precluded from raising the issue anew when the case is returned to this Court.

The matters asserted personally by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), are either mooted by our resolution of the *Hills* issue or do not warrant relief. As we set aside the sentence because of *Hills* error, we did not consider any allegations of error that affected only the sentence.

CLARK—ARMY 20160304



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court