# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
ALDYKIEWCZ, SALUSSOLIA, and WALKER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E2 DANIEL J. MAS**
**United States Army, Appellant**

ARMY 20190084

Headquarters, United States Army Alaska
Timothy P. Hayes, Jr., Military Judge
Colonel James A. Barkei, Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany D. Pond, JA; Major Angela D. Swilley, JA; Captain Paul T. Shirk, JA (on brief); Major Angela D. Swilley, JA; Captain Paul T. Shirk, JA (on reply brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Dustin B. Myrie, JA; Captain Austin I. Price, JA (on brief).

27 February 2020

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

Per Curiam:

Appellant and two other soldiers, a Specialist and a Sergeant, sexually violated a fellow service member, Airman First Class (A1C) AL while she was too intoxicated to consent to the sexual activity that appellant and others performed on her. In addition to sexually violating A1C AL, and encouraging others to do the same, appellant videotaped the sexual acts without A1C AL's consent and shared the nonconsensual recording with at least one other person.[1]

---

[1] As a result, appellant was charged with four specifications of sexual assault, one specification of abusive sexual contact, one specification of indecent recording, and one specification of indecent viewing, in violation of Articles 120 and 120c,

(continued . . .)

Appellant's sole assignment of error is that his convictions for abusive sexual contact, Specification 4 of Charge I, and sexual assault, Specification 5 of Charge I, are an unreasonable multiplication of charges (UMC). Appellant raises this claim for the first time on appeal. Appellant acknowledges his failure to raise the issue at trial, but argues that, "[w]hile such inaction likely constitutes waiver, waiver does not affect this court's plenary power under Article 66(c), UCMJ to ensure just results in courts-martial." Essentially, appellant requests this court "use its 'awesome, plenary, de novo power' under Article 66(c)" to dismiss Specification 4 of Charge I.

*Whether to Notice a Waived Issue*

An unconditional guilty plea waives an unpreserved UMC objection. *See United States v. Hardy*, 77 M.J. 438, 443 (C.A.A.F. 2018).[2] A valid waiver leaves no error to correct on appeal. *See United States v. Ahern*, 76 M.J. 194, 197 (C.A.A.F. 2017) (citations omitted). As our superior court noted in *Hardy*, "a [Court of Criminal Appeals] may choose to use its Article 66(c), UCMJ, power to address a UMC objection that has been waived." 77 M.J. at 443 (citing *United States v. Quiroz*, 55 M.J. 334 (C.A.A.F. 2001)).

---

(. . . continued)
Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 920 and 920c. A military judge sitting as a general court-martial convicted appellant pursuant to his pleas of one specification of sexual assault, one specification of abusive sexual contact, one specification of indecent recording, and one specification of indecent viewing, in violation of Articles 120 and 120c, UCMJ. The military judge sentenced appellant to a dishonorable discharge, twenty-two months of confinement, and reduction to the grade of E-1. Consistent with appellant's pretrial agreement and his substantial assistance in the prosecutions of his co-accuseds, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, twelve months of confinement, and reduction to the grade of E-1. Also pursuant to the pretrial agreement, the convening authority dismissed the three remaining specifications of sexual assault.

[2] Appellant's case was referred on 25 October 2018. As such, our review is through the lens of Rule for Courts-Martial (R.C.M.) 905(b)(2) and 905(e) in effect before the President's amendments to the Manual for Courts-Martial implemented through Executive Order No. 13,825, 83 Fed. Reg. 9889 (8 Mar. 2018) (effective Jan. 1, 2019), the same provisions at issue in *Hardy*. In other words, the amendment to R.C.M. 905(b), which states a failure to raise an objection under the rule "forfeits" the objection "absent an affirmative waiver," "does not apply to cases in which charges were referred to trial prior to [1 January 2019]." *Hardy*, 77 M.J. 438, n. 2 (citations omitted).

Most recently, this court addressed whether to notice an unpreserved claim of UMC, raised for the first time on appeal, following an unconditional guilty plea. *See United States v. Conley*, 78 M.J. 747, 751 (Army Ct. Crim. App. 2019) (analyzing and providing a framework for noticing waived issues in light of a service court's obligation under Article 66, UCMJ to "determine whether the findings and sentence of a case are: (1) correct in law; (2) correct in fact; and (3) should be approved").

Having considered this court's Article 66, UCMJ obligation and *Conley's* analytical framework for noticing waived issues, we decline appellant's invitation to notice his UMC claim. In *Conley* this court noted that:

> Nearly all pretrial agreements involve compromise by the accused and government . . . . The government usually agrees to reduce the sentence exposure of the accused and often agrees to dismiss some of the charges that the accused is facing. The accused gives up, most importantly, the obligation for the government to prove guilt.

*Id.* at 752.

Appellant's case is no different. The government agreed to dismiss three sexual assault specifications, reducing appellant's exposure by ninety years and, in return, appellant gave up his right to have the government prove the allegations to which he pleaded guilty. In addition to dramatically reducing appellant's total exposure, the government agreed to a confinement cap of twenty-four months, less than five percent of his exposure when considering the offense for which appellant pleaded guilty.[3] Appellant was only sentenced to twenty-two months of confinement and the convening authority reduced that period of confinement by ten months.

Lastly, our review of the entire record reveals the absence of any impropriety by the government, government overreach or excess, or any factor, compelling or otherwise, that would weigh in favor of noticing the waived UMC issue.

As we noted in *Conley*, there will be cases where noticing a waived issue is warranted and appropriate. 78 M.J. at 753. This is not that case.

---

[3] Appellant's guilty plea exposed him to a maximum period of confinement of forty-three years.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
ALDYKIEWICZ, SALUSSOLIA, and WALKER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E2 DANIEL J. MAS**
**United States Army, Appellant**

ARMY 20190084

------------------------------------------------------------------
NOTICE OF COURT-MARTIAL ORDER CORRECTION
------------------------------------------------------------------

IT IS ORDERED THAT, to reflect the true proceedings at the trial of the above-captioned case,

GENERAL COURT-MARTIAL ORDER NUMBER 3, HEADQUARTERS, UNITED STATES ARMY ALASKA, 724 POSTAL SERVICE LOOP #5700, JOINT BASE ELMENDORF-RICHARDSON, ALASKA 99505-5700, dated 30 May 2019,

IS CORRECTED AS FOLLOWS:

BY deleting the word "contact" in line two, Specification 1, Charge I, and substituting therefor the word "act."

DATE: 27 February 2020

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court