# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 40429**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Brandon A. WOOD**
Senior Airman (E-4), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 13 August 2024

———————————

*Military Judge*: Christopher D. James (arraignment); Dayle P. Percle.

*Sentence*: Sentence adjudged 18 October 2022 by GCM convened at Barksdale Air Force Base, Louisiana. Sentence entered by military judge on 13 December 2022: Dishonorable discharge, confinement for 12 months, reduction to E-1, and a reprimand.

*For Appellant*: Major Spencer R. Nelson, USAF.

*For Appellee*: Colonel Steven R. Kaufman, USAF; Lieutenant Colonel Thomas J. Alford, USAF; Lieutenant Colonel J. Pete Ferrell, USAF; Major Jocelyn Q. Wright, USAF; Mary Ellen Payne, Esquire.

Before: JOHNSON, GRUEN, and KEARLEY, *Appellate Military Judges*.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

PER CURIAM:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one specification of wrongful possession of child pornography in violation of Article 134,

Uniform of Code Military Justice (UCMJ), 10 U.S.C. § 934.[1] The military judge sentenced Appellant to a dishonorable discharge, confinement for 12 months, reduction to the grade of E-1, and a reprimand. The convening authority took no action on the findings and did not modify the adjudged sentence. The convening authority denied Appellant's request for deferment of the reduction to the grade of E-1, but waived automatic forfeitures for six months for the benefit of Appellant's dependent child.

Appellant raises one issue on appeal: whether as applied to Appellant, reference to 18 U.S.C. § 922 in the Statement of Trial Results and entry of judgment is unconstitutional where the Government cannot demonstrate that barring his possession of firearms is "consistent with the nation's historical tradition of firearm regulation"[2] when he was not convicted of a violent offense.[3] After carefully considering this issue and for the reasons explained in *United States v. Vanzant*, __ M.J. __, No. ACM 22004, 2024 CCA LEXIS 215, at *24 (A.F. Ct. Crim. App. 28 May 2024) and *United States v. Lepore,* 81 M.J. 759, 763 (A.F. Ct. Crim. App. 2021) (en banc), we find Appellant is not entitled to relief.

In this case, Appellant did not raise the issue of the convening authority's failure to provide a reason in writing for the denial of the request for deferment. We, however, address this issue sua sponte. The convening authority's Decision on Action Memorandum indicates Appellant requested waiver of forfeitures for six months and deferment of reduction in grade for six months. The convening authority granted the request for waiver of automatic forfeitures, but expressly denied the deferment request. However, the convening authority did not provide a reason in writing for the denial of the request for deferment of reduction in grade. The record discloses no indication the Defense objected or moved for correction of the convening authority's failure to address the reasons why he denied the request to defer reduction in grade.

We review a convening authority's denial of a deferment request for an abuse of discretion. *United States v. Sloan*, 35 M.J. 4, 6 (C.M.A. 1992), *overruled on other grounds by United States v. Dinger*, 77 M.J. 447, 453 (C.A.A.F. 2018); Rule for Courts-Martial (R.C.M.) 1103(d)(2). "When a convening authority acts on an [appellant]'s request for deferment of all or part of an adjudged sentence, the action must be in writing (with a copy provided to the [appellant])

---

[1] All references to the UCMJ and the Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] Citing *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2130 (2022).

[3] Appellant personally raised this issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

and must include the reasons upon which the action is based." *Id*. at 7 (footnote omitted); *see also* R.C.M. 1103(d)(2) ("The action of the authority acting on the deferment request shall be in writing" and "provided to the accused.").

"A motion to correct an error in the action of the convening authority shall be filed within five days after the party receives the convening authority's action." R.C.M. 1104(b)(2)(B).

Because Appellant did not object or move to correct an error in the convening authority's decision on action, we review the convening authority's decision therein to deny the deferment for plain error. *See United States v. Ahern*, 76 M.J. 194, 197 (C.A.A.F. 2017) (citations omitted) (noting appellate courts review forfeited issues for plain error). Under the longstanding precedent of *Sloan*, the convening authority's failure to state the reasons he denied the request to defer reduction in rank was an error. *See* 35 M.J. at 7. For purposes of our analysis, we assume without holding the error was clear or obvious. However, under the circumstances of this case, we find no material prejudice to Appellant. Appellant bore "the burden of showing that the interests of [himself] and the community in deferral outweigh[ed] the community's interests in imposition of the punishment on its effective date." R.C.M. 1103(d)(2). Appellant not only forfeited the issue at the time, but he has not alleged on appeal prejudicial error by the convening authority. Furthermore, the convening authority granted Appellant's request to waive automatic forfeitures for the benefit of his dependent child pursuant to Article 58b, UCMJ, 10 U.S.C. § 858b. Given Appellant requested deferral of his reduction in rank "because his paycheck is going to his family," we are confident the convening authority entertained the rationale for the requested waiver *and* deferral. There is no indication the convening authority entertained an improper rationale for denying deferment of reduction in rank and we find Appellant's material rights were not substantially prejudiced by the convening authority's failure to state the reasons for the denial.

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court