
UNITED STATES

v.

Senior Airman Hulen R. McREYNOLDS, FR 288–62–1496, United States Air Force.

ACM 22675.

U. S. Air Force Court of Military Review.

Sentence Adjudged 22 Jan. 1980.

Decided 26 Aug. 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Colonel George R. Stevens.

Appellate Counsel for the United States: Colonel James P. Porter.

Before POWELL, MILES and MAHONEY, Appellate Military Judges.

## DECISION

PER CURIAM:

In accordance with his pleas, the accused was convicted by general court–martial consisting of a military judge alone of kidnapping for the purpose of rape, a crime within 18 U.S.C. Sec. 1201(a)(2), and rape, violations of Articles 134 and 120, Uniform Code of Military Justice. Pursuant to a pretrial agreement, the convening authority approved only so much of the adjudged sentence that included a dishonorable discharge, confinement at hard labor for 10 years, forfeiture of all pay and allowances, and reduction to airman basic.

Article 120(a), Code, *supra*, provides that a person found guilty of rape "shall be punished by death or such other punishment as a court–martial may direct." The characterization of rape as a capital offense affects two important aspects of this case. The first is the matter of jurisdiction under Article 18, Code, *supra*, which provides that a general court–martial consisting only of a military judge "shall not have jurisdiction to try any person for any offense for which the death penalty may be adjudged unless the case has been previously referred to trial as a noncapital case." The second is the legality of the findings in view of Article 45(b), Code, *supra*, and paragraph 70 *a*, Manual for Courts–Martial, 1969 (Rev.), both of which provide: "A plea of guilty by the accused may not be received to any charge or specification alleging an offense for which the death penalty may be adjudged."

Paragraphs 15*a* (3) and 126*a*, Manual, *supra*, respectively, define an otherwise capi-

**882**

tal case as not capital if the appropriate convening authority had directed that the case be treated as not capital, and provide that the death penalty, although authorized by the Code, may not be adjudged if the convening authority has directed that the case be treated as not capital. Thus, the specific direction of the convening authority as to how the case is to be treated has particular significance.

■ The first indorsement to the charge sheet in this case reflects the convening authority's referral as: "subject to the following instructions: none." While this suggests an intention to refer the case as capital, we note the fact that the written pretrial advice of the staff judge advocate informed the convening authority that the maximum permissible punishment for the offense of rape did not include death. This enables us to conclude that the referral, which in all other respects, was in accordance with that advice, constituted a direction that the case be treated as not capital. *United States v. Shirley,* 42 C.M.R. 706 (A.C.M.R. 1970), pet. denied, 42 C.M.R. 356.

■ Lastly, and in addition to the foregoing, we hold that this is not a capital case. In its opinion in *Coker v. Georgia,* 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977), the United States Supreme Court concluded that the death sentence is grossly disproportionate and excessive punishment for the crime of rape of an adult woman and prohibited under the Eighth Amendment to the United States Constitution as cruel and unusual punishment. That opinion is binding upon us. *United States v. Tempia,* 16 U.S.C.M.A. 629, 37 C.M.R. 249 (1967).

Therefore, we find that the military judge sitting alone as a general court–martial had jurisdiction to try this case and properly received the accused's plea of guilty to the offense.

The findings and the sentence are correct in law and fact are.

AFFIRMED.