**154**

UNITED STATES, Appellee,

v.

Armando ROJAS, Lance Corporal, U.S. Marine Corps, Appellant.

No. 46,218.

NMCM 81–2019.

U.S. Court of Military Appeals.

Jan. 30, 1984.

For Appellant: *Commander David C. Larson,* JAGC, USN (argued); *Captain Walter J. Landen, Sr.,* JAGC, USN, *Lieutenant Commander Richard K. Delmar,* JAGC, USNR, *Major Joseph M. Poirier,* USMC, *Lieutenant Commander David S. Durbin,* JAGC, USNR.

For Appellee: *Lieutenant Colonel Thomas H. Eagen,* USMC (argued); *Commander W.J. Hughes,* JAGC, USN, and *Commander Jay M. Siegel,* JAGC, USNR.

*Opinion*

EVERETT, Chief Judge:

After a panel of the United States Navy-Marine Corps Court of Military Review affirmed the findings and death sentence in this case, 15 M.J. 902 (1983), the record of trial was transmitted to this Court for mandatory review pursuant to Article 67(b)(1) of the Uniform Code of Military Justice, 10 U.S.C. § 867(b)(1). Subsequently, appellant moved that the case be remanded to the Court of Military Review for a *de novo* review by a different panel of that court.

The ground for this motion was that—allegedly at the instance of the Senior Judge of the panel which rendered the decision—a commissioner of the Court of Military Review obtained a copy of the notes of the lawyer who had argued the case for the Government. According to the motion, these notes were obtained without notice to or knowledge of either appellate government counsel or appellate defense counsel.

In light of the papers accompanying the motion, it appeared to us initially that, in the performance of our own military justice responsibilities, we should appoint a special master to determine the facts and report them to us for consideration in disposing of appellant's motion. *See* Rule 27(a)(4) of the Rules of Practice and Procedure, United

States Court of Military Appeals. However, we have now concluded that such action is unnecessary.

The Judge Advocate General of the Navy—with a proper view to protecting the integrity and reputation of the Court of Military Review—has instituted an investigation of the circumstances underlying the unfortunate incident which gave rise to appellant's motion to remand. The results of that investigation will be made known to our Court at a later time, and we feel sure that, if any corrective or disciplinary action seems appropriate, it will be taken by the Judge Advocate General or by this Court.

However, for our disposition of the motion we need not await the ascertainment of any facts beyond those which were conceded by the Government during oral argument—namely, that, after a conversation with the Senior Judge of the panel which decided appellant's case, a commissioner of the Court of Military Review obtained from appellate government counsel, without his knowledge or that of opposing counsel, a document concerning the legal issues which had been argued before the panel in this case.

 Although the Government disputes that this document ultimately played any part in the decision of the court below, it is clear that, at the very least, such action impairs confidence in the military appellate process. Whether, as here, in a capital case or in any other case, an appellant is entitled to every assurance that no hidden or unknown influence will play a part in the outcome of his appeal.

 In view of this Court's decision in *United States v. Matthews,* 16 M.J. 354 (C.M.A.1983), the case must be remanded to the Court of Military Review in any event. This being so, we are convinced that there will be an economy of judicial effort in having the case considered there *de novo* by a panel other than the one which originally considered it. Otherwise, it would be necessary for us to conduct our own detailed and time-consuming factual inquiry into the incident complained of by appellant, since we cannot dispose of his motion solely in reliance on the information that might be provided by the Judge Advocate General's nonjudicial investigation.

Accordingly, the decision of the United States Navy-Marine Corps Court of Military Review is set aside. The record of trial is returned to the Judge Advocate General of the Navy for remand to that court for a *de novo* review by a new panel containing no members of the panel which originally reviewed the case.

Judge COOK did not participate in the consideration or disposition of this motion.

FLETCHER, Judge (concurring in part):

There is no delicate balance between propriety and impropriety in the judicial-decision process. There is only black and white. The nature of the crime is of little moment. A judicial system is damaged where there be impropriety in the decisional refinement of the law for a minor infraction of the mores of a society the same as if the resolution concerned society's most heinous crime.

Whether a judicial officer caused a fracture in the judicial-decision process should not have reached this Court. It is an internal problem to be corrected at the level of possible indelicate practice. I, unlike my Brother, do not believe that we should receive a copy of any findings The Judge Advocate General of the Navy may make. This Court should not be cast in the role of Charon.

*United States v. Matthews,* 16 M.J. 354 (C.M.A.1983), expurgated the decision of the Court of Military Review for the purpose of sentence. I see no reason to order a *de novo* hearing as to the merits, but since there are only two judges hearing this matter and timely resolution is important, I will agree with my Brother concerning a *de novo* hearing.