**156**

UNITED STATES, Appellee,

v.

Leman L. HUTCHINSON, Jr., Lance Corporal, U.S. Marine Corps, Appellant.

No. 46,565.

NMCM 82-0203.

U.S. Court of Military Appeals.

Jan. 30, 1984.

For Appellant: *Major James P. Axelrod,* USMC, *Lieutenant Commander Georgia L. Winstead,* JAGC, USNR, and *Lieutenant Commander William A. DeCicco,* JAGC, USN.

For Appellee: *Commander W.J. Hughes,* JAGC, USN, and *Lieutenant Steven P. Benson,* JAGC, USNR.

*Opinion of the Court*

PER CURIAM:

After the record of trial was transmitted to this Court for mandatory review under Article 67(b)(1), Uniform Code of Military Justice, 10 U.S.C. § 867(b)(1), appellant moved that we remand the case for a *de novo* review by a different panel from that which had rendered the original decision. *See United States v. Hutchinson,* 15 M.J. 1056 (N.M.C.M.R.1983). The basis for this motion was that the decision was made by the same panel which had decided *United States v. Rojas,* 15 M.J. 902 (N.M.C.M.R. 1983), and that it was tainted by the same incident which has led to our remanding that case for a *de novo* review. *See United States v. Rojas,* 17 M.J. 154 (C.M.A.1984).

Like *Rojas,* appellant's case involves a death sentence. Moreover, the panel twice cited its earlier opinion in *Rojas* for propositions of law. The first citation was in this context:

Appellant's fifth assignment of error is that he was denied due process and equal protection by being convicted by a nonunanimous vote of a panel composed of only six members. Appellant additionally asserts that the potential variation in the number of members sitting in courts-martial violates equal protection principles. These arguments have been offered before this and other Courts of Military Review and have been dismissed. *See United States v. Rojas,* 15 M.J. 902 (N.M. C.M.R.1983), and citations listed therein.

15 M.J. at 1063–64. On the other occasion the court stated:

In his seventh assignment of error, appellant challenges the constitutionality of UCMJ Article 118. Appellant argues that under *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), his death sentence must be set aside because: 1) the court-members were allowed unfettered discretion in imposing the death penalty; and 2) the Government was not required to prove any aggravating circumstances. This assertion was recently rejected by this Court in *United States v. Rojas, supra;* therefore, we need not address it again.

15 M.J. at 1064.

The first citation of *Rojas* supports a position for which numerous citations could

be offered and as to which the views of this Court are clear. The second citation incorporated by reference the panel's earlier views and disposition of a constitutional attack on the death penalty. Subsequently, in *United States v. Matthews,* 16 M.J. 354 (C.M.A.1983), this Court rejected that position.

From our examination of the issues dealt with by the court below in this case, we are convinced that any possible effects here of that court's earlier opinion in *Rojas* have been eliminated by this Court's decision in *Matthews.* Thus, the events which led to remand for a *de novo* review in *Rojas* are too remote from the case at bar to require similar action here.

Accordingly, the motion to remand for *de novo* consideration by a different panel of the Court of Military Review is denied.

Judge COOK did not participate in the consideration or disposition of this motion.