**UNITED STATES**

v.

**Kenneth L. CLARK, 435 98 3073, Sergeant (E-5), U.S. Marine Corps.**

**NMCM 84 1345.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 23 Nov. 1983.

Decided 12 July 1984.

CDR David C. Larson, JAGC, USN, Appellate Defense Counsel.

LT Mark A. Zuboff, JAGC, USNR, Appellate Defense Counsel.

MAJ E.D. Clark, USMC, Appellate Government Counsel.

Before GORMLEY, Senior Judge, and KERCHEVAL and LECORNU, Judges.

GORMLEY, Senior Judge:

A general court-martial, military judge alone, convicted appellant, consistent with his pleas, of violations of Articles 120, 125, 128, 129, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920, 925, 928, 929, 934. The offenses included: first, raping, sodomizing, assaulting, and threatening a 16-year old girl; second, raping, sodomizing, and committing indecent, lewd, and lascivious acts upon a 25-year old dependent wife of a fellow marine, as well as burglarizing his home; and, third, soliciting another marine to provide a false official statement. Appellant's sentence extended to confinement at hard labor for 35 years, forfeiture of all pay and allowances, reduction to pay grade E-1, and a dishonorable discharge. The convening authority approved the findings and sentence, but, in compliance with a pretrial agreement, reduced the adjudged confinement at hard labor to thirty years and credited appellant for time spent in pretrial confinement.

Prior to trial, an Article 32, UCMJ, investigation of the charges preferred was held and, subsequent thereto, appellant's commanding officer forwarded the investigation to the general court-martial convening authority with a recommendation that appellant be tried on the charges by general court-martial. The staff judge advocate advised the general court-martial convening authority, in his pretrial advice, that the maximum authorized sentence included confinement at hard labor for life, total forfeitures, reduction to pay grade E-1, and a dishonorable discharge. The convening authority referred the charges to a general court-martial without written limiting instructions.

At trial, the military judge perceived the rape specifications as alleging capital of-

fenses. Inquiry made of the convening authority by the trial counsel, however, established that the convening authority had intended to refer the charges as non-capital, consistent with the recommendation in the pretrial advice. All the parties agreed that the charges were to be treated as non-capital. The military judge again advised appellant of his choices as to court composition, and appellant persisted in his request for trial by military judge alone. The military judge approved his request and conducted providence inquiries into previously received pleas of guilty and accepted the pleas.

Before this Court, appellant alleges that the court-martial, as a judge-alone trial, lacked jurisdiction to try appellant since the case was not previously referred to trial as a non-capital case. We reject this assignment of error as being devoid of merit.

■ The most serious offenses with which appellant was charged were the three allegations of rape under Charge I. Article 120, UCMJ, prohibits rape and purports to establish the following punishment:

> Any person subject to this chapter who commits an act of sexual intercourse with a female not his wife, by force and without her consent, is guilty of rape and shall be punished by death or such other punishment as a court-martial may direct.

On its face, this appears to require an affirmative sentence-limiting instruction on a referral in order for a military judge to try such a charge. *See* para. 14*a*, *Manual for Courts-Martial, 1969 (Rev.)* (hereinafter cited as MCM). Current appellate decisional authority indicates that the offense of rape, as alleged against the appellant, is not an offense for which the death penalty can be adjudged. Therefore, the offenses in this case could not have been properly referred as capital offenses. Both rapes of which the appellant was convicted involved "adult" victims, within the meaning of that term under the UCMJ. *See* Article 120(b), UCMJ; para. 127*c*, MCM. A sentence of death for the crime of rape of an adult woman is prohibited by the Eighth Amendment to the U.S. Constitution. *Coker v. Georgia*, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977). Therefore, the capital aspect of punishment purportedly authorized under Article 120 has been effectively invalidated. *United States v. Rojas*, 15 M.J. 902, 927 n. 9 (NMCMR 1983), *remanded on other grounds*, 17 M.J. 154 (CMA 1984); *United States v. Matthews*, 13 M.J. 501, 515, 519 (ACMR 1982), *sent. rev'd on other grounds*, 16 M.J. 354 (CMA 1983); *United States v. McReynolds*, 9 M.J. 881, 882 (AFCMR 1980).

The convening authority's oral limiting instruction on his referral was mere surplusage. The maximum sentence was limited by law to life imprisonment. That limitation was consistent with the convening authority's intention, and the referral accurately reflected the jurisdictional maximum of the court. Since the oral limiting instruction was not necessary, reducing it to writing was equally unnecessary.

The military judge's perception of rape as a capital offense was, in fact, a misperception. Even if his perception had been correct, however, the procedures followed on the record corrected any procedural deficiencies which may have existed in the referral. The purpose of instructions in the referral block is to inform the court of the convening authority's intentions as to procedures, joinder, limitations on punishment, etc. Para. 33*j*, MCM. In this case, the court was informed on the record. This procedure fulfilled the purpose of referral instructions.

■ In instances where an offense is defined as capital under the UCMJ and is made non-capital by operation of law, we hold that a limiting instruction on a charge sheet is unnecessary for the referral of the offense to be non-capital. Accordingly, it was appropriate for the military judge to sit alone and to receive appellant's guilty pleas. *Matthews, supra;* at 519; *McReynolds, supra,* at 881, 882.

We have concluded that the findings and sentence are correct in law and fact and

that no error materially prejudicial to the substantial rights of the appellant was committed. Accordingly, the findings and sentence, as approved on review below, are affirmed.

Judge KERCHEVAL and Judge LECORNU concur.