# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

## No. ACM 39296

———————————

### UNITED STATES
*Appellee*

**v.**

### Richard D. COLLINS
Master Sergeant (E-7), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 23 July 2018[1]

———————————

*Military Judge:* Tiffany M. Wagner.

*Approved sentence:* Dishonorable discharge, confinement for 198 months, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 26 February 2017 by GCM convened at Eglin Air Force Base, Florida.

*For Appellant:* William E. Cassara, Esquire (argued); Captain Dustin J. Weisman, USAF.

*For Appellee:* Captain Michael T. Bunnell, USAF (argued); Lieutenant Colonel Joseph J. Kubler, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, MINK, and DENNIS, *Appellate Military Judges*.

Senior Judge JOHNSON delivered the opinion of the court, in which Judge MINK and Judge DENNIS joined.

———————————

### PUBLISHED OPINION OF THE COURT

———————————

[1] We heard oral argument in this case on 28 June 2018.

JOHNSON, Senior Judge:

Appellant was found guilty, contrary to his pleas, of one specification of rape in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920. A general court-martial composed of officer and enlisted members sentenced Appellant to a dishonorable discharge, confinement for 198 months, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

Appellant raises seven issues on appeal: (1) whether the statute of limitations had run on the alleged offense of rape; (2) whether the evidence is factually insufficient to support the conviction; (3) whether Appellant was denied effective assistance of counsel guaranteed by the Sixth Amendment[2] where his trial defense counsel failed to present evidence of an alternative suspect; (4) whether Appellant was subjected to unreasonable search and seizure in violation of the Fourth Amendment;[3] (5) whether Appellant was denied his Sixth Amendment right to confrontation where the military judge permitted a prosecution witness to testify by remote means; (6) whether Appellant's Fifth Amendment[4] due process rights were violated by the loss of exculpatory evidence in the 15 years between the alleged offense and the court-martial; and (7) whether the convening authority committed unlawful command influence.[5] Because, as to the first issue, our superior court's holding in *United States v. Mangahas*, 77 M.J. 220, 225 (C.A.A.F. 2018), compels us to set aside the findings and sentence and to dismiss the charge and specification, we do not address the remaining issues.

## I. BACKGROUND

In August 2000, HA was a young Airman attending her initial training as a radiology technician at Sheppard Air Force Base (AFB), Texas. Appellant was one of her course instructors. At trial, HA testified that on Friday, 25 August 2000, she encountered Appellant when she was eating dinner alone at a club on base. Appellant appeared to be intoxicated. After Appellant declined HA's suggestion that he take a taxi or shuttle home, HA drove Appellant to his on-base residence. HA helped Appellant out of the vehicle and to his front door due to his apparently impaired condition. However, once inside the door, Appellant suddenly pushed HA against the wall and then threw her onto the floor.

---

[2] U.S. CONST. amend. VI.

[3] U.S. CONST. amend. IV.

[4] U.S. CONST. amend. V.

[5] Appellant personally asserts issues (6) and (7) pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

HA initially resisted until Appellant struck her in the face. Appellant then raped HA.

On the morning of Monday, 28 August 2000, HA arrived for class with a black eye and scratches on her face and knuckles. HA reluctantly admitted to a female instructor that she had been raped. As a result, HA was transported to a hospital where she underwent a sexual assault forensic exam (SAFE), and the Air Force Office of Special Investigations (AFOSI) and civilian police initiated investigations.

Initially, HA told AFOSI she was assaulted by an unknown male who digitally penetrated her in an off-base store parking lot the preceding weekend. When security camera video from the store HA identified failed to corroborate HA's statements, AFOSI agents confronted her. HA admitted her account of the assault was not true. She told the agents she made it up because she did not want to identify the attacker, but she had been pressured at the hospital to say what had happened. HA admitted she knew who the assailant was, but she said she did not want to "ruin a family." She denied that it had been one of her course instructors. Because HA refused to identify the perpetrator, AFOSI and the civilian police eventually dropped their investigations. Civilian authorities destroyed the SAFE kit in 2002.

HA separated from the military in 2003 and then later returned to active duty in 2007. In April 2011, HA made a restricted sexual assault report to an Air Force mental health provider, stating that she had previously been physically and sexually assaulted by an instructor but "did not want to be involved." The provider referred HA to a Sexual Assault Response Coordinator, to whom HA also made a restricted report that she had been sexually assaulted by an active duty Air Force member at Sheppard AFB, but she did not identify the assailant. These restricted reports were not referred to law enforcement or investigated. HA separated from the Air Force again in 2011.

In March 2014, HA made an unrestricted report to the Chief of Military Justice at Sheppard AFB, this time identifying Appellant as having raped her at Sheppard AFB in 2000. This report led AFOSI to reinitiate the investigation. A single charge and specification of rape were preferred against Appellant and received by the summary court-martial convening authority on 17 March 2016. On 6 September 2016, the charge and specification were referred for trial by a general court-martial. Appellant's court-martial took place at Hurlburt Field, Florida, on 17 November 2016, and at Eglin AFB, Florida, on 21–26 February 2017. At trial, Appellant pleaded not guilty and the Defense vigorously contested the charge and specification. However, the Defense did not object or move to dismiss the charge and specification on the grounds that they were barred by the statute of limitations in effect at the time of the alleged offense.

## II. DISCUSSION

**A. Law**

The applicable statute of limitations is a question of law that we review de novo. *Mangahas*, 77 M.J. at 222 (citing *United States v. Lopez de Victoria*, 66 M.J. 67, 73 (C.A.A.F. 2008)). "An accused is subject to the statute of limitations in force at the time of the offense." *Id.* (citing *Toussie v. United States*, 397 U.S. 112, 115 (1970)). However, "failure to make the timely assertion of a right" constitutes forfeiture, whereas the "intentional relinquishment or abandonment of a known right" constitutes waiver. *United States v. Ahern*, 76 M.J. 194, 197 (C.A.A.F. 2017). Where an appellant forfeits a right by failing to make a timely assertion at trial, appellate courts will review the forfeited issue for plain error. *Id.* (citing *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009)). In a plain error analysis the appellant "has the burden of demonstrating that: (1) there was error; (2) the error was plain or obvious; and (3) the error materially prejudiced a substantial right of the accused." *United States v. Girouard*, 70 M.J. 5, 11 (C.A.A.F. 2011). Waiver, by contrast, "leaves no error to correct on appeal." *Ahern*, 76 M.J. at 197 (citing *United States v. Campos*, 67 M.J. 330, 332 (C.A.A.F. 2009)).

Article 43, UCMJ, 10 U.S.C. § 843, provides the statute of limitations for offenses under the Code. The version of Article 43 in effect in August 2000 stated, *inter alia*, "A person charged with absence without leave or missing movement in time of war, or with any offense punishable by death, may be tried and punished at any time without limitation." 10 U.S.C. § 843(a) (2000). Otherwise, the general rule was that "a person charged with an offense is not liable to be tried by court-martial if the offense was committed more than five years before the receipt of sworn charges" by a summary court-martial convening authority. 10 U.S.C. § 843(b)(1) (2000).

In *Coker v. Georgia*, 433 U.S. 584, 592 (1977), the United States Supreme Court held that the Eighth Amendment[6] forbids imposing the death penalty for the crime of rape of an adult woman. *Coker* is binding precedent for Air Force courts-martial. *United States v. McReynolds*, 9 M.J. 881, 882 (A.F.C.M.R. 1980) (per curiam); *see Mangahas*, 77 M.J. at 223; *see also United States v. Hickson*, 22 M.J. 146, 154 n.10 (C.M.A. 1986) (stating that in light of *Coker*, the death penalty for rape may not be constitutionally inflicted in absence of aggravating circumstances). However, in August 2000, the Manual for Courts-Martial continued to provide that death was an authorized punishment for the crime of rape under Article 120, UCMJ. *Manual for Court-Martial, United States* (2000 ed.), pt. IV, ¶ 45.e.(1).

---

[6] U.S. CONST. amend. VIII.

In *Willenbring v. Neurauter*, 48 M.J. 152, 180 (C.A.A.F. 1998), the United States Court of Appeals for the Armed Forces (CAAF) unanimously held that, *Coker* notwithstanding, as a matter of statutory interpretation "rape is an 'offense punishable by death' for purposes of exempting it from the 5-year statute of limitations of Article 43(b)(1)." *See also United States v. Stebbins*, 61 M.J. 366, 369 (C.A.A.F. 2005) (quoting *Willenbring*, 48 M.J. at 178) ("[T]he question of whether the death penalty may be imposed, given the facts and circumstances of any particular case, does not control the statute of limitations issue.")

In 2006, Congress amended Article 43, UCMJ, to provide that "[a] person charged with . . . rape or rape of a child . . . may be tried or punished at any time without limitation." 10 U.S.C. § 843(a) (2006).[7]

However, the CAAF's recent decision in *Mangahas* explicitly overruled its holding in *Willenbring* that under the pre-2006 version of Article 43, UCMJ, the offense of rape was exempt from the general five-year statute of limitations. 77 M.J. at 223–25. Finding that *Willenbring* was "badly-reasoned" and risked "'undermining public confidence in the law,'" the CAAF unanimously held "where the death penalty could *never* be imposed for the offense charged, the offense is *not* punishable by death for purposes of Article 43, UCMJ." *Id.* at 224–25 (quoting *United States v. Quick*, 74 M.J. 332, 336 (C.A.A.F. 2015)). Therefore, because the alleged rape of an adult woman in *Mangahas* occurred in 1997, 18 years before the charge and specification were received by the summary court-martial convening authority, the CAAF dismissed the charge and specification. *Id.* at 225.

Rule for Courts-Martial (R.C.M.) 907 provides that the running of the statute of limitations under Article 43, UCMJ, is waivable grounds for a motion to dismiss a charge and specification without trial. R.C.M. 907(b)(2)(B) further provides "that, if it appears that the accused is unaware of the right to assert the statute of limitations in bar of trial, the military judge shall inform the accused of this right." "'[W]henever it appears that the statute of limitations has run against an offense,' that fact will be brought to the attention of the accused by the court." *United States v. Salter*, 20 M.J. 116, 117 (C.M.A. 1985) (quoting *United States v. Rodgers*, 24 C.M.R. 36, 38 (C.M.A. 1957)).

---

[7] In 2013, Congress again amended Article 43, UCMJ, to additionally exclude the offenses of sexual assault and sexual assault of a child from the five-year statute of limitations. National Defense Authorization Act for Fiscal Year 2014, Pub. L. No. 113–66, § 1703, 127 Stat. 672, 958 (2013) (codified as 10 U.S.C. § 843(a)).

"[O]n direct review, we apply the clear law at the time of appeal, not the time of trial." *United States v. Mullins*, 69 M.J. 113, 116 (C.A.A.F. 2010) (citing *United States v. Harcrow*, 66 M.J. 154, 159 (C.A.A.F. 2008)).

## B. Analysis

Appellant contends that in light of *Mangahas*, the military judge committed plain error which requires this court to set aside the findings and sentence and to dismiss the charge and specification. We agree.

Under *Mullins* and *Harcrow*, we must apply the clear law at the time of appeal to cases that, like Appellant's, are pending direct review. *Mullins*, 69 M.J. at 116. In light of *Mangahas*, the statute of limitations applicable to the charged offense of rape in violation of Article 120, UCMJ, committed on or about 25 August 2000 was five years. *See Mangahas*, 77 M.J. at 225. Therefore, the statute of limitations in Appellant's case expired in August 2005, more than ten years before the charge and specification were preferred and delivered to the summary court-martial convening authority in March 2016. Accordingly, we must evaluate the events at trial in this light.

R.C.M. 907(b)(2)(B) required the military judge to inform Appellant at trial of Appellant's apparent right to assert the statute of limitations defense to bar the only charge and specification against him. *See Salter*, 20 M.J. at 117. The military judge's failure to do so, like trial defense counsel's failure to assert the defense, was understandable in light of the CAAF's holding in *Willenbring*. Nevertheless, applying the CAAF's clear holding in *Mangahas* that the five-year statute of limitations had long since run, the military judge's failure to comply with R.C.M. 907(b)(2)(B) was an error that was plain and obvious.[8] *See Girouard*, 70 M.J. at 11. Moreover, the error was plainly materially prejudicial to Appellant's substantial rights because the statute of limitations was a complete defense to the only charge and specification in the case. *Id.* Although the

---

[8] Appellant contends the applicable standard of review is plain error. This is the standard the CAAF applied in both *Mullins*, 69 M.J. at 116, and *Harcrow*, 66 M.J. at 159. Each of those cases dealt with changes to applicable precedent arising after trial but during the course of direct appellate review, where the appellants had failed to make evidentiary objections at trial. *Mullins*, 69 M.J. at 116–17 (applying *United States v. Brooks*, 64 M.J. 325 (C.A.A.F. 2007)); *Harcrow*, 66 M.J. at 159 (applying *Crawford v. Washington*, 541 U.S. 36 (2004)). Appellant's case, in contrast, involves the military judge's failure to perform an affirmative duty imposed by R.C.M. 907(b)(2)(B), regardless of Appellant's failure to raise the issue. It might be argued that the plain error standard applicable to forfeited issues is inapposite, and that de novo is the appropriate standard of review. However, we need not resolve this question because we agree with Appellant that the military judge committed plain error in light of *Mangahas*.

statute of limitations is waivable, at oral argument the Government conceded it could articulate no plausible reason why Appellant would have knowingly waived the defense had he understood it was available in this contested trial. Nor can we discern any such reason.

The Government attempts to distinguish *Mangahas* on the basis that, in that case, the accused moved to dismiss the charge and specification of rape based on the statute of limitations in spite of *Willenbring*, whereas in the instant case Appellant did not. The Government relies heavily on the United States Supreme Court's decision in *Musacchio v. United States*, 136 S. Ct. 709 (2016). In *Musacchio*, the petitioner failed to invoke the statute of limitations bar in 18 U.S.C. § 3282(a)[9] at trial but attempted to do so on appeal. *Id.* at 713. The Court first found the statute "provides a nonjurisdictional defense, not a jurisdictional limit" on prosecution. *Id.* at 718. The Court then held:

> Because §3282(a) does not impose a jurisdictional limit, the failure to raise it at or before trial means that it is reviewable on appeal—if at all—only for plain error. . . . We conclude, however, that a district court's failure to enforce an unraised limitations defense under §3282(a) cannot be a plain error.
>
> . . .
>
> When a defendant fails to press a limitations defense, the defense does not become part of the case and the Government does not otherwise have the burden of proving that it filed a timely indictment. When a defendant does not press the defense, then, there is no error for an appellate court to correct—and certainly no plain error.
>
> A defendant thus cannot successfully raise the statute-of-limitations defense in §3282(a) for the first time on appeal.

*Id.* The Government contends the statute of limitations in Article 43, UCMJ, like that in 18 U.S.C. § 3282, is a nonjurisdictional, available defense that an accused must assert in order to make it part of the case. The Government argues that, where an accused fails to assert the defense for any reason—including, as in Appellant's case, the apparent unavailability of the defense in light of clear existing precedent—under *Musacchio* a plain error analysis is unnecessary because the defense is simply not "part of the case."

---

[9] 18 U.S.C. § 3282(a) provides that "[e]xcept as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."

The Government appears to essentially argue that *Musacchio* created a new standard of review, or rather a standard of non-review, apparently unique to statute of limitations jurisprudence. The Government does not argue Appellant waived the statute of limitation bar, which involves the "intentional relinquishment or abandonment of a known right." *Ahern*, 76 M.J. at 197. Indeed, it is apparent that Appellant, like the military judge and other trial participants, was understandably unaware such a defense was available. *See United States v. Hoffmann*, ___ M.J. ___, No. 18–0002/AR, 2018 CAAF LEXIS 226 (C.A.A.F. 7 May 2018) (mem.) ("[W]e do not construe the failure to object to what was the settled law at the time as an intentional relinquishment of a known right . . . .") Similarly, the Government cannot prevail under the plain error standard of review applicable to forfeited issues because the combination of *Mangahas*, *Mullins/Harcrow*, R.C.M. 907(b)(2)(B), and *Salter* make it apparent the military judge plainly erred by failing to inform Appellant at trial that the statute had run on the charge of rape. However, the Government seizes on the strong language in *Musacchio* that an unraised statute of limitations defense does not become part of the case and cannot be successfully raised on appeal to mean some principle other than waiver or forfeiture is at work. We are not persuaded.

To begin with, *Musacchio* may be distinguished from the instant case on multiple grounds. *Musacchio* did not interpret Article 43, UCMJ, which governs trials by courts-martial; rather, it addressed the operation of 18 U.S.C. § 3282, applicable to civilian prosecutions. By design, the civilian and military justice systems employ different rules of procedure. In particular, our superior court has recognized "that Congress, in drafting Article 43, did not intend to create, in sections (b) and (c), a mirror image of the rule then and now extant in federal [civilian] law." *United States v. Tunnell*, 23 M.J. 110, 113 (C.M.A. 1986). In addition, *Musacchio* did not address a situation where the statute of limitations defense was apparently unavailable at the time of trial based on clear existing precedent that was subsequently overruled during the pendency of the appeal. It is not clear to us that the Court's analysis would be the same in such a situation. Furthermore, *Musacchio* did not address the affirmative duty to bring the statutory bar to the attention of the accused imposed on the trial judge by R.C.M. 907(b)(2)(B), which has no civilian equivalent.

Even setting these distinctions aside, the Government misconstrues the Court's approach to the applicable standard of review in *Musacchio*. It is true that, as the Government states, the Court expressly did not decide whether Musacchio's failure to raise the statute of limitations constituted waiver or forfeiture. *Musacchio*, 136 S. Ct. at 718 n.3. However, this was not because it found neither applied; it was because, even assuming a plain error standard of review, the trial judge's failure to raise 18 U.S.C. § 3282 *sua sponte* in a civilian trial would never meet the criteria for relief under the plain error standard of

review. The Court found a defendant "cannot successfully raise the statute-of-limitations defense in §3282(a) for the first time on appeal" not because plain error was not the applicable standard of review, but by evaluating the alleged error in light of the plain error standard and finding it could never be met. *Id.* at 718.

In light of the military judge's affirmative obligation under R.C.M. 907(b)(2)(B) to raise the statute of limitations issue, Appellant's situation is clearly different. Again, there is no indication Appellant "intentionally relinquished" an available statute of limitations defense, and therefore waiver is inapplicable. *Ahern*, 76 M.J. at 197. Under *Mangahas*, *Mullins*, R.C.M. 907(b)(2)(B), and *Salter*, the military judge was required to inform Appellant the statutory bar was available, and she plainly erred to the material prejudice of Appellant's substantial rights by failing to do so. *See Girouard*, 70 M.J. at 11. Therefore, we cannot affirm the conviction.

The Government advances a second argument, inspired by the CAAF's recent decision in *United States v. Williams*, ___ M.J. ___, No. 17–0285, 2018 CAAF LEXIS 365 (C.A.A.F. 27 Jun. 2018), to the effect that the 2006 amendment to Article 43, UCMJ, retroactively applied to the August 2000 rape charge, and therefore the statute of limitations never actually expired, *Mangahas* notwithstanding. In *Williams*, the CAAF set aside findings of guilty with respect to four specifications of sexual offenses based upon an erroneous propensity instruction that was not harmless beyond a reasonable doubt. *Williams*, 2018 CAAF LEXIS 365, at *7–14; *see United States v. Hills*, 75 M.J. 350, 356 (C.A.A.F. 2016). Apparently, one set-aside specification alleged rape on divers occasions between late 2000 and early 2003. *Williams*, 2018 CAAF LEXIS 365, at *3–4. In its decretal paragraph, the CAAF stated, *inter alia*:

> The record is returned to the Judge Advocate General of the Army with a rehearing as to the Specification of Charge I authorized to the extent that the charge and specification are not barred by the statute of limitations. *See United States v. Mangahas*, 77 M.J. 220 (C.A.A.F. 2018); *United States v. Grimes*, 142 F.3d 1342, 1351 (11th Cir. 1998) (recognizing that the federal circuits are in agreement "that extending a limitations period before the prosecution is barred does not violate the Ex Post Facto Clause"). *But see United States v. Lopez de Victoria*, 66

M.J. 67, 73–74 (C.A.A.F. 2008) (holding that the 2003 amendment to Article 43, UCMJ, 10 U.S.C. § 843,[10] did not retroactively extend the statute of limitations due to statutory construction).

*Williams*, 2018 CAAF LEXIS 365, at *15 (footnote inserted). In a footnote, the CAAF commented "[t]he parties may address any potential retroactivity issues concerning the statute of limitations on remand or at the rehearing." *Id.* at *15 n.5.

Taking its cue from *Williams*, the Government cites *Grimes* and a series of other federal circuit decisions for the principle that extending the applicable statute of limitations before the existing statute of limitations has expired on a particular offense does not violate the Ex Post Facto Clause.[11] *Grimes*, 142 F.3d at 1351; *see United States v. Taliaferro*, 979 F.2d 1399, 1402 (10th Cir. 1992); *United States v. Knipp*, 963 F.2d 839, 843–44 (6th Cir. 1992); *United States v. Madia*, 955 F.2d 538, 540 (8th Cir. 1992); *United States v. Richardson*, 512 F.2d 105, 106 (3d Cir. 1975); *Clements v. United States*, 266 F.2d 397, 398–99 (9th Cir. 1959). The Government goes on to distinguish the 2003 amendment to Article 43 addressed in *Lopez de Victoria* from the 2006 amendment as a matter of statutory construction, and concludes the latter unlike the former was intended to apply to earlier offenses for which the statutory period had not yet run.

We acknowledge there is an unresolved question of whether and to what extent the 2006 amendment to Article 43 extended the statute of limitations period for rapes occurring within the five years preceding the amendment's effective date. One day this court may be called upon to address that question. But today is not that day. It is unnecessary for us to reach those aspects of the Government's argument because the five-year statute of limitations on the August 2000 rape charged in Appellant's case *did run* before the 2006 amendment.

The Government attempts to address this manifest flaw in its position by arguing that at the time of both the alleged offense in August 2000 and the 2006 amendment to Article 43, there was no statute of limitations for rape under the existing precedent of *Willenbring*. The Government argues *Mangahas* did "not reach the question of retroactivity," and that "[e]ven if *Mangahas* means that *Willenbring* is no longer good law in 2018, *Willenbring was*

---

[10] This change to Article 43, UCMJ, modified the statute of limitations with respect to certain offenses against children and did not affect the statute of limitations applicable to Appellant's case. *See Lopez de Victoria*, 66 M.J. at 71.

[11] U.S. CONST. art. I, § 9, cl. 3.

good law at the time of the 2006 amendment." However, the Government fundamentally misconceives the import of the CAAF's decision in *Mangahas*. The meaning of *Mangahas* is that under Article 43, UCMJ, the statute of limitations for rape in 1997, as well as in August 2000, was and always has been five years. Any pronouncements to the contrary in *Willenbring* or elsewhere were simply wrong. *See Mangahas*, 77 M.J. at 223–25. As discussed above, there remains an open question as to whether rapes committed prior to but within five years of the 2006 amendment were taken out of the statute of limitations. However, the offense Appellant was charged with, unlike the specification at issue in *Williams*, is entirely outside that window. *See Williams,* 2018 CAAF LEXIS 365, at *3–4.

If we were to accept the Government's argument, the outcome of *Mangahas* would appear nonsensical. There, the CAAF interpreted identical language in Article 43, UCMJ, as applied in Appellant's case. Finding *Willenbring* was "badly-reasoned" and explicitly overruling its interpretation of Article 43, the CAAF held the applicable statute of limitations for an alleged rape in 1997 was five years, and dismissed the charge and specification. *Mangahas,* 77 M.J. at 223–25. The same reasoning applies to an alleged rape that occurred in August 2000. We are compelled to follow our superior court's precedent and take similar action.

## III. CONCLUSION

The findings of guilt and the sentence are **SET ASIDE**. The Charge and its Specification are **DISMISSED**. Article 66(c), (d), UCMJ, 10 U.S.C. § 866(c), (d).

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court